28584. CARLYLE *et al. v.* GOETTEE.

DECIDED FEBRUARY 11. 1941.

*Ernest J. Haar,* for plaintiffs in error.
*McLaws, McLaws & Brennan,* contra.

GARDNER, J.   Joseph L. Goettee brought an action in tort against Robert T. Carlyle, Mrs. Emma L. Carlyle, and the Gold Star Ranch Park Inc., to recover damages sustained by him because of certain alleged negligence of the defendants.   The defendants, having demurred to the petition, renewed their demurrers, general and special, to the petition as amended.   The court overruled the demurrers, and the defendants excepted.

The substance of the allegations is well stated in the brief of the plaintiffs in error.   We adopt, in the main, their statement: "The plaintiff in the  .  . petition as amended alleges that the defendants are the owners of certain property in Chatham County, and maintain thereon an amusement park known as the Gold Star Ranch, and in connection with said amusement park that the defendants had a track on the part of the property where two-wheel motor scooters were maintained for the use of the public, and in

.order to get·the public to attend its park the defendants advertised as an attraction the said two-wheel motor scooters," and the public was charged a certain price to ride on said scooters on the track; "that on or about March 19th, 1939, at approximately 10:30 p. m., the plaintiff went to said park, paid an admission to ride on a scooter on the track described, and while he was riding on one of the scooters on said track the scooter hit a hole in the track which the plaintiff did not see, and said scooter which he was riding and operating fell over and the foot rest of the scooter cut plaintiff's foot, causing injuries and damages to plaintiff. It is further alleged in the petition as amended that the person to whom the plaintiff paid admission to ride on said scooter is unknown to him, but was the person in charge of the ticket office at the entrance of said track and was in charge of selling tickets to ride on the scooter, and that he bought certain tickets for the purpose of riding, and that said person who sold same to plaintiff was acting within the scope of his authority in selling same. It is further alleged in the petition as amended that the alleged hole which plaintiff did not see extended approximately two feet across said track and was approximately three inches wide and one and one-half inches deep, and when the scooter hit the hole it fell over on the left side and cut plaintiff's left foot on the heel string. It is further alleged that plaintiff is employed by the Union Bag and Paper Corporation as a machine tender." It is further alleged "that the defendants maintained said track in a defective manner, in that the same was not properly drained, and holes were formed in this track by water draining off of same during and after rains, and the defendants failed to scrape the track after such rains to eliminate the holes." It is further alleged that the defendants knew of this defective construction and maintenance, for shortly before plaintiff was injured, the exact time being unknown to plaintiff, other parties fell when scooters hit similar holes, all of which was known to defendants. It is further alleged "that the scooters were defective and unsafe because the parts which came in contact with persons riding them were of sharp metal, and as the scooters were on two wheels and could easily turn over, shields should have been placed on same to protect the rider from the sharp parts of the machine in order to prevent injuries." It is further alleged, "that the negligence of the defendants in maintaining said track for motor scooters in a de-

fective manner with holes in same," of which defendants knew, "and inducing the public to use the scooters which were defective and unsafe by not having proper safeguards to prevent injuries, was the proximate cause of plaintiff's injury, and as a proximate result of said negligence of the defendants the plaintiff suffered great physical and mental pain and suffering, lost time from his work, and sustained expenses and damages," in the sums as specified.

The defendants demurred generally that no cause of action was set out, and specially that the allegations of fact were indefinite and lacking in particularity, and insufficient to set forth properly a cause of action. We will treat the grounds of demurrer together.

■ Where one enters the premises of another for the purpose of business of the owner (*Coffer* v. *Bradshaw,* 46 *Ga. App.* 143 (6), 167 S. E. 119) at his instance or invitation or by inducement (*Western & Atlantic Railroad* v. *Gray,* 172 *Ga.* 286, 298 (2), 157 S. E. 482), he is an invitee (*Coffer* v. *Bradshaw,* supra) ; and while he is not an insurer of the safety of such invitee, he must use reasonable care and caution to maintain the premises so as to prevent injury to him (*Atlanta Cotton-Seed Oil Mills* v. *Coffey,* 80 *Ga.* 145, 4 S. E. 759, 12 Am. St. R. 244; *Western & Atlantic Railroad* v. *Gray,* supra). This is true with reference to owners or operators of places of amusement or recreation, used by such invitees. *Moone* v. *Smith,* 6 *Ga. App.* 649 (65 S. E. 712).

■ Headnote 2 needs no elaboration.

■ "A plaintiff is not required to allege facts showing that he exercised due care for his own safety, or that the injury was not the result of his own negligence; but his petition is sufficient to withstand a general demurrer where it alleges that his injury was the result of defendant's negligence, setting forth facts from which the jury might find that the defendant was negligent." *Pollard* v. *Heard,* 53 *Ga. App.* 623, 626 (186 S. E. 894). "Our courts have many times held that questions as to diligence and negligence, including contributory negligence, . . are questions peculiarly for the jury, such as this court will decline to solve on demurrer except in palpably clear, plain, and indisputable cases." *Fuller* v. *Louis Steyerman & Sons Inc.,* 46 *Ga. App.* 830, 836 (169 S. E. 508). The demurrer in the instant case presents no exception to the rule.

■ Headnote 4 needs no elaboration, save to cite *Lefkoff* v. *Sicro,* 189 *Ga.* 554 (10) (6 S. E. 2d, 687), and *Price* v. *Cobb,* 63 *Ga. App.*

694 (11 S. E. 2d, 822), in which cases the test common in all cases as to the adequacy of pleading to withstand demurrer is fully discussed. In the latter case it was held: "The adequacy of pleading, to set forth a cause of action, is measured by the same rules of pleading as obtain generally in any other cause pleaded. Evidentiary facts need not be pleaded. In *Lefkoff* v. *Sicro,* supra, the court held: 'Good pleading requires only that the plaintiff plainly and concisely state the material ultimate facts' on which the plaintiff 'depends for a recovery;' and, 'As a general rule, the evidentiary facts upon which the plaintiff relies to prove the ultimate facts need not and should not be set forth in the pleadings.'"

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*