## 32676. SIXTH STREET CORPORATION *v.* DANIEL.

Decided January 6, 1950.

*Lokey & Bowden,* for plaintiff in error.

*Mitchell & Mitchell,* contra.

WORRILL, J. Frank Daniel brought suit for damages in Fulton Superior Court against Sixth Street Corporation. The case came on for trial before a judge and jury and after the introduction of the evidence and submission of the case to the jury a verdict for the plaintiff for $2500 was returned. The defendant made a motion for a new trial on the general grounds which was amended by the addition of three special grounds. The court overruled the motion and the exception here is to that ruling.

The evidence shows that Daniel was a tenant in an apartment in a building owned by the defendant and had been for some years. Along in the fall of 1947 an electric refrigerator furnished by the defendant as a part of the equipment in the apartment began to give trouble. Daniel testified that he reported this to the building superintendent, a Mr. Scott, on several occasions and that Scott worked on the refrigerator and told the plaintiff that what the refrigerator needed was a new motor, but that the owners would not furnish one. Scott's testimony tended to corroborate that of Daniel to the effect that the refrigerator had given trouble, that Daniel had reported it to him and that

he had serviced the refrigerator in response to this information. Daniel's testimony tended to show that after the last effort on the part of Scott he thought the motor was all right, and that it gave no further trouble. On the morning of January 2, 1948, at about 7:30, the plaintiff left his apartment to go to work. A maid came in shortly thereafter and remained about two hours. Around 10:30 or 11 a. m. a fire was discovered in the plaintiff's apartment, apparently originating in the kitchen, and was brought under control only after considerable damage had been done to the furnishings owned by the plaintiff that were in the apartment. It was for this damage that the plaintiff sued.

■ The first special ground of the motion for new trial complains of error "Because, as movant contends, the verdict of the jury is contrary to the evidence, without evidence to support it, contrary to law and contrary to the law as given the jury in charge for the reason that the plaintiff himself testified, without contradiction, that he had knowledge of the defective condition of the refrigerator and the refrigerator motor for seven months prior to the time of the fire, that he feared that the motor would catch on fire and that on occasions he turned off the refrigerator motor to keep it from causing a fire, and that despite this knowledge plaintiff continued to use the refrigerator, and did not abstain from the use of a portion of the rented premises which he knew to be in a defective and dangerous condition."

We recognize the general rule in Georgia that where a tenant becomes aware of a defective condition of a portion of the premises or equipment of the tenancy it is his duty to notify the landlord of such and abstain from the use of such defective portion or equipment until repairs have been made. *Stack* v. *Harris,* 111 *Ga.* 149, 151 (36 S. E. 615) ; *Clements* v. *Blanchard,* 141 *Ga.* 311, 312 (80 S. E. 1004). However, " 'The landlord must keep the premises in repair.' Code of 1933, § 61-111. He is liable for damages for injuries to the tenant caused 'from failure to keep the premises in repair.' Code of 1933, § 61-112. Where the landlord is notified of defective premises and he undertakes to repair the same, he must properly repair such premises, and he will be liable in a proper case for his negligence in repairing the same. *Adams* v. *Klasing,* 20 *Ga. App.* 203 (92 S. E. 960) ; *Marr* v. *Dieter,* 27 *Ga. App.* 711 (109 S. E. 532)." *Hill* v.

*Liebman Inc.*, 53 *Ga. App.* 462 (186 S. E. 431). The evidence in this case clearly authorized the jury to infer that the plaintiff duly notified the defendant of the defective refrigerator, that the defendant's agent undertook to repair it, and that thereafter the plaintiff was justified in assuming that it had been properly repaired, and in continuing to use it. Under the facts of this case the question of whether or not the plaintiff was guilty of such negligence as to bar a recovery was for the jury, and there was evidence supporting the verdict for the plaintiff.

■ The second special ground of the motion for new trial assigns error on the following charge of the court: "When the rented premises becomes out of repairs, it is the duty of the tenant to notify the landlord of this fact and also, to abstain from use, any part of the premises, the use of which would be dangerous. After notice to the landlord of the necessity of repair, the tenant has a right to use those parts of the premises which are apparently in good condition if there is nothing to call his attention to what may be a hidden defect. The failure of the defendant, the landlord, to repair in such a case, would give the plaintiff a right of action for any damage sustained by him; and his use of that part of the premises which was apparently in sound condition, would not preclude him from recovering.

"If you find that the landlord, the defendant, had no notice or knowledge of the defect in the rented premises, and in this case it would be the defect in the motor which was attached to the refrigerator, that would be an end to your investigation and you would stop and bring in a verdict for the defendant. There could be no recovery unless notice was given the landlord, the defendant, of the defect. But should you determine that the landlord had notice of the need of repair to the motor, and that he failed to make necessary repair thereon, and that his failure to do so was the proximate cause of the damage to the plaintiff's property, then, the plaintiff would be entitled to recover in this case, unless you believe that the plaintiff had knowledge of the defect in the motor and failed to exercise ordinary care on his part in using the motor; the plaintiff was under the necessity to exercise that degree of care and caution which every ordinary prudent person would have exercised under the same

or similar circumstances; in reference to the use of the motor in question, after knowing of its condition or, in the exercise of ordinary care, should have known of its condition, and if the plaintiff failed to use ordinary care in reference to the use of this motor, after notice of its defect, he would not be entitled to recover in this case."

It is contended that this charge was erroneous for the reason that it was misleading and confusing to the jury in that at one place it instructed the jury that it was the duty of the plaintiff to abstain from the use of any part of the premises, the use of which would be dangerous and then instructed the jury specifically in regard to the refrigerator and motor that plaintiff could not recover if he failed to exercise due care on his part in using the refrigerator and motor. It is the position of the plaintiff in error that this charge authorized the jury to find that the plaintiff had a right to use the refrigerator and motor even though he knew it to be defective and dangerous, while in the same breath instructing them that the plaintiff must abstain from using the refrigerator and motor upon discovery of its defective condition. While some portions of this charge may have been inaptly worded, we do not think it subject to the criticism made. In the first place the quoted portion of the charge, including the parts especially complained of were highly favorable to the defendant in that they placed additional burdens of care and of action on the plaintiff which he had to satisfy in order to be entitled to a verdict. Furthermore, the first part of the charge complained of clearly refers to the duty of the plaintiff prior to the notification of the landlord of the defect and prior to its repair, and the latter portion to the plaintiff's duty after notice to the landlord and after the purported repairs had been made. After the repairs were completed the plaintiff was no longer under a duty to abstain from use of the defective portion of the premises, but under the charge he was bound to use only ordinary care in ascertaining its fitness for use and if as a result of the defendant's actions or those of its agent, he thought that the proper repairs had been made, the plaintiff was justified in resuming use of the defective portion.

■ The third and final special ground of the motion for new trial alleges that the verdict for the plaintiff is without evidence

to support it because there was no direct evidence introduced to show that the fire was caused by a defect in the refrigerator or motor, and because the circumstantial evidence was not such as to "exclude every other reasonable hypothesis" as to the cause of the fire. This ground is without merit. "When the party upon whom the burden of an issue rests seeks to carry it, not by direct proof, but by inferences, he has not, in this reasonable sense, submitted any evidence for a jury's decision, until the circumstances he places in proof tend in some proximate degree to establish the conclusion he claims; and for this, the facts shown must not only reasonably support that conclusion, but also render less probable all inconsistent conclusions. The established fundamental rules applicable to circumstantial evidence are the same in civil as in criminal trials. In both cases it is required that the circumstances relied upon be not only consistent with the conclusion sought to be established, but also inconsistent with every other reasonable hypothesis. In civil cases this consistency with the one and inconsistency with the other is required to be established only by a mere preponderence; in criminal cases, to the exclusion of reasonable doubt." *Georgia Ry. & Elec. Co.* v. *Harris,* 1 *Ga. App.* 714, 717 (57 S. E. 1076), "Where the circumstances shown do, as a matter of law, in some appreciable degree tend to establish the hypothesis claimed, and in the minds of the jury preponderate to that hypothesis rather than to any other reasonable hypothesis, this is the equivalent of excluding all such other less probable hypotheses. In other words, the jury could not find that circumstantial evidence of real probative value preponderated in favor of one theory as against all other reasonable but less probable theories, without excluding the theories thus rejected. In neither criminal nor civil cases is it required that the proved circumstances shall show consistency with the hypothesis claimed and inconsistency with all other reasonable theories to the point of logical demonstration. In civil cases all other reasonable theories are excluded when proved circumstances of real and actual probative value cause the jury to find that the preponderance of the evidence is in favor of the hypothesis claimed, as against all other reasonable but less probable theories. Where a decision is required between two or more antagonistic theories, an authorized finding that the evidence pre-

ponderates to one theory as against all the others necessarily carries with it a finding that the rejected theories are excluded." *Radcliffe* v. *Maddox*, 45 *Ga. App.* 676, 682, 683 (165 S. E. 841). We think that under these rules of law that there was evidence authorizing the finding in favor of the plaintiff and that the court did not err in overruling this ground of the motion for new trial. There was no charge on circumstantial evidence, and, so far as appears, no request for such (*Cowart* v. *Strickland*, 149 *Ga.* 397 (4), 403, 100 S. E. 447), and, in the absence of some error of law, we must presume that the jury acted legally in rendering the verdict.

■ The evidence authorized the verdict and the court did not err in overruling the motion for new trial on the general grounds.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*