### DUMAS et al. v. DUMAS.

DUCKWORTH, Chief Justice. 1. Before the remittitur of this court (*Dumas* v. *Dumas,* 205 *Ga.* 238, 52 S..E. 2d, 845), became the judgment of the court below, the petitioner amended the petition to allege insolv-

ency. The ruling there—that the allegation, "the defendants have not sufficient property above their homestead exemptions of realty and personalty allowed by existing laws to respond to the recovery in any judgment that petitioner may obtain against them in this behalf," is insufficient to allege insolvency—cannot be construed as a ruling by this court that the defendants are solvent. The amendment is therefore in harmony with the original attempt to allege insolvency, and it does not come within the rule of inconsistent and irreconcilable allegations. See *Beecher* v. *Carter*, 189 *Ga.* 235, 240 (2) (5 S. E. 2d, 648), and citations.

2. "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Code, § 37-104. But, in order to do equity, a plaintiff is not obliged to return that which he will be entitled to retain. *Wellborn* v. *Johnson*, 204 *Ga.* 389 (50 S. E. 2d, 16); *Wynne* v. *Fisher*, 156 *Ga.* 656 (119 S. E. 605); *Collier* v. *Collier*, 137 *Ga.* 659 (74 S. E. 275). Restoration of the partial consideration received by the petitioner is unnecessary, since an accounting of the fair rental value of the land held by the defendants may entitle her to an amount greater than the value of the benefits received under the contract.

3. The plaintiff, having plainly and concisely stated the material ultimate facts upon which she intends to recover, is not required to make an exhaustive statement of the exact evidence upon which she relies. See *Lefkoff* v. *Sicro*, 189 *Ga.* 554 (10) (6 S. E. 2d, 687, 133 A. L. R. 738), and citations therein. For this reason the special demurrer, that the petitioner has not alleged what funds the defendants have failed and refused to furnish for doctor's bills, medicines, and other necessities, is without merit.

4. There has been no violation of the authority of the attorney in fact in bringing this suit seeking extraordinary relief, and the special demurrer to this effect is not meritorious. The court did not err in rendering the judgment overruling the demurrers.

*Judgment affirmed. All the Justices concur, except Almand, J., who is disqualified.*

No. 17046. APRIL 10, 1950.

*Brackett & Brackett* and *R. B. Pullen*, for plaintiffs in error. *Willingham, Gortatowsky & Morrison*, and *Frank Grizzard*, contra.