32981. AMERICAN FIRE & CASUALTY CO. *v.* BARFIELD.

Decided June 28, 1950.

*Titus & Altman,* for plaintiff in error.

*Alexander, Vann & Lilly, Leonard Farkas* and *Walter H. Burt,* contra.

Townsend, J. (After stating the foregoing facts): ■ The general and special demurrers insisted upon by counsel for the defendant relate to the sufficiency of the allegation that, "Plain-

tiff suffered the loss of said automobile in Boston, Massachusetts on said date as result of a theft committed by one George F. Berry." The special demurrers seek to obtain further information as to how Berry obtained possession of the car, whether demand has been made upon him, and for what purpose the plaintiff delivered possession to him. These demurrers, insofar as they call for this information, are an attempt to make the plaintiff plead evidence, and are therefore without merit. *Carlyle* v. *Goettee*, 64 *Ga. App.* 360 (13 S. E. 2d, 206). A statement in a pleading that one suffered a loss of property by reason of the theft of a named person at a given place and date is an allegation of an ultimate material fact and is not a conclusion. Cf. *Van Keuren* v. *Travelers Indemnity Co.*, 27 *Ga. App.* 367 (2) (108 S. E. 310). The petition was not subject to the demurrers urged, and the trial court did not err in overruling the same.

■ The 4 special grounds of the amended motion for a new trial deal with the charge of the court. Ground 1 contends that the trial court erred in failing to give the following in charge upon timely written request: "The court charges you that if the owner of goods consents for another to have possession of such goods and freely and voluntarily delivers the same to such person, if the person so acquiring possession does not obtain such consent by wrongful or fraudulent representations, and does not at the time of the reception of the goods entertain an intention to steal the same, such person would not be guilty of the offense of simple larceny, although it might appear that at some time after getting possession such third person forms the intention to steal the property and in furtherance of such intention converts the goods to his own use, without the consent of the owner, this would not constitute simple larceny on the part of such third person. If such third person possessed the automobile by the consent of the owner, without any intention at the time to steal it, but subsequently, while in possession, formed for the first time the intent to steal and appropriate the proceeds of the property to his own use, this would be a conversion of the property and not a larceny." Ground 2 of the amended motion for a new trial complains of the failure to charge on request that the insurance company would not be

liable to the plaintiff for a mere conversion of said automobile where such conversion would not amount to larceny. Ground 3 complains that the trial court should have, without request, instructed the jury as to what would amount to a conversion, as contra-distinguished from theft. Ground 4 complains that the court erroneously instructed the jury as follows: "If a person obtains possession of the property of another under false pretense of a bailment with intent to appropriate the property to his own use, and the owner intends to part with the possession only of the property, possession is obtained unlawfully and the subsequent appropriation in pursuance of the original intent is simple larceny." In connection with this latter charge, the court further charged the jury as follows: "On the other hand, if you find that the loss of the car was not the result of theft or larceny, but was a conversion by a person in lawful possession of the car without any intent to steal the same, you would be authorized to find in favor of the defendant."

Even assuming the defendant's contention that it would not be liable in any case of conversion to be correct, it is obvious from the above that ground 4 of the amended motion for a new trial is without merit in that the court fully and fairly charged the converse of the charge complained of, that is, that if the conversion were by a person in lawful possession of the property without intent to steal the same, the jury should return a verdict for the defendant. Ground 3 is consequently without merit in that, by these charges, the court did distinguish for the jury the respective elements of theft and conversion according to the defendant's own view of the case.

One who obtains possession of personal property by trick or fraud or under false pretense of a bailment with intent to appropriate the same to his own use is guilty of simple larceny. One who, during the existence of a fiduciary relation, converts a chattel to his own use after being entrusted therewith, although there was no fraud or pretense in his original acquisition of the property, is guilty of larceny after trust. *Lanier* v. *State*, 17 *Ga. App.* 261 (2) (86 S. E. 417). It is apparent, in consequence, that even under the defendant's contentions the requests to charge in grounds 1 and 2 of the amended motion are not adjusted to the issues in the case, since they seek to deal only

with the offense of simple larceny, and ignore the offense of larceny after trust. The word "theft" in the insurance policy is sufficiently broad to cover both simple larceny and larceny after trust, and the fact that the offense committed by Berry might be larceny after trust rather than simple larceny would have no bearing upon the liability of the defendant.

However, the conversion referred to in the exclusionary provision of the policy here is that of a person lawfully in possession of the property by reason of a bailment lease, conditional sale, or other encumbrance. No such conversion is alleged in the answer or shown by the evidence in this case. The policy provision in exclusion (m) refers to a conversion by a person having an interest in the policy. *Great American Ins. Co.* v. *Gusman*, 80 *Ga. App.* 471 (56 S. E. 2d, 319). For this reason the charge of the court on the subject of conversion was highly favorable to the defendant, and grounds 1, 2, 3 and 4 of the amended motion for a new trial are without merit.

■ The jury awarded attorney fees as authorized by the Code § 56-706 in cases where it shall be made to appear that the refusal of the company to pay the loss was in bad faith. Counsel for the defendant insurance company contends that no such bad faith appears here as to authorize this part of the verdict. However, the insurance company relied upon an exclusionary clause in its contract of insurance as to conversions by one possessing an interest in the property. When the defendant insurance company relies for its defense upon an exclusion in the policy, the burden is upon the defendant to establish its defense, and it is not necessarily absolved from the charge of bad faith by looking to the plaintiff to carry the burden of proving that the loss resulted from a theft. See in this regard *Gulf Life Insurance Co.* v. *Matthews*, 66 *Ga. App.* 162 (2) (supra). The defendant did not, either in its pleadings or evidence, attempt to set up the conversion of any person holding under a bailment lease, mortgage, conditional sale or the like. It did not, therefore, set up any valid reason for refusal to pay the claim, and the jury was authorized to award an additional sum as attorney fees.

■ As pointed out in the preceding divisions of this opinion, the evidence authorized the jury to find that the loss occurred under the terms of the policy. Counsel for the defendant con-

tend, however, that it would be inequitable to allow the plaintiff the full value of the car, (1) because it appears from her testimony that a suit is now pending in Boston as a result of which she will probably be enabled to repossess the property, and (2) because it further appears from her testimony that she enjoyed the consideration derived from its sale.

As to the first contention, the policy obligates the defendant to pay the plaintiff a sum not exceeding the actual value of the automobile in case the plaintiff loses it by reason of theft. The jury here was authorized to find from the evidence that such a loss had been sustained by the plaintiff. Liability therefore attached under the policy. However, the policy itself contemplates that the property under some circumstances may be recovered after payment by the company. It contains a subrogation clause whereby the company, having paid the loss, becomes subrogated to all the insured's rights. The insured is obligated under this clause to execute and deliver instruments and papers, and to do whatever else is necessary to secure the subrogation rights of the company. It follows that upon the company's payment of this loss it becomes subrogated to all rights of the plaintiff in her suit for recovery of her property in Boston, and that she will therefore not be in position to recover twice for a single loss.

The second contention, that the plaintiff received the benefits derived from the sale of the car by Berry, is based on her testimony on direct examination as follows: "Berry took the car without my knowing anything about it. I thought he was working and when he brought in money from the car I thought it came from a job.". This statement was not inquired into upon cross-examination, and it does not appear how much money Berry brought in, nor what was done with it. The evidence does show that, except for the plane trip to New York and the few days spent after he took the car and before he abandoned her, there was no time during which she could have received money from him. If she accepted it knowing of its source, that would be a ratification of the sale and she would be precluded from recovering. On the other hand, if she accepted money from the proceeds of the sale equivalent to the full value of the automobile without knowing, her recovery would be precluded on the

theory that she had received sums equivalent to the full value thereof, and had in consequence suffered no loss. These, however, are affirmative defenses of ratification and payment which must be urged by both pleading and proof on behalf of the defendant. The sentence above quoted falls far short of establishing either of such defenses. It appears from the evidence that the plaintiff had no knowledge of the sale and did not ratify it. It is insufficient to show that she received some money without further evidence as to how much she received or what part of the value of the car it represented. The evidence, in consequence, fully authorized a verdict in favor of the plaintiff.

The trial court did not err in overruling the general and special demurrers to the petition and in overruling the motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*

## Correction.

Page 452, line 8 from bottom: substitute "illusion" for "illustration."

Page 455, line 12 from top: substitute "if" for "in."