## 33218.   PORTER *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA.

DECIDED NOVEMBER 4, 1950.

*Lucian J. Endicott,* for plaintiff.

*William K. Meadow, Spalding, Sibley, Troutman & Kelley,* for defendant.

GARDNER, J. It appears from a copy of the certificate attached to the petition, as amended, that the "Extension of Death Benefits" clause, referred to in said petition, provided as follows:

"(1) For the period of 12 months immediately following the date of such termination of employment insurance under said group policy, without further payment of premium, shall continue in the amount applicable to him in accordance with the plan of insurance under said group policy, but in no event in an amount greater than that for which he was insured on the last day on which he was actively at work; provided, however, that no payment whatever shall be made on account of the death of such employee unless written notice and proof of such death, together with written proof satisfactory to the company that his disability, as aforesaid, continued to the date of his death, and further written proof satisfactory to the company that he had not at any time during such period engaged in any business or occupation or in performance of any work for compensation of monetary value or profit, shall have been received by the company at its home office within one year following the date of such death.

"(2) If such employee shall survive to the end of the aforesaid period of 12 months following such termination of his employment, and (2) shall continue to be totally and permanently disabled and (b) shall not have entered into any occupation or business for compensation of monetary value or for profit, he may, subject to all the provisions herein specified, obtain a continuance of insurance under said group policy commencing on the first anniversary of his termination of employment under said group policy and extending except as hereinafter provided, for a further period of 12 months. In order to obtain continued insurance under this subdivision (2), however, such employee must,

within four months prior to the termination of continued insurance provided for under subdivision (1) of this section, furnish to the company at its home office, written proof satisfactory to it of the continuance of his disability, and of the fact that he has not entered into any business or occupation or performed any work for compensation of monetary value or for profit. Notwithstanding the acceptance by the company of proofs of disability, as aforesaid, insurance under this subdivision (2) is subject to the condition that the same shall cease on the 31st day following the earliest one of the following dates: (a) the date of cessation of such total and permanent disability of the employee; (b) the date of his entry into any occupation or business for compensation of monetary value or for profit, whether remaining totally and permanently disabled or not; (c) the date of his failure to submit, upon request, to examination by physicians designated by the company.

"(3) If insurance under said group policy be continued in force, in accordance with the provisions of this section, to the second anniversary of such employee's termination of employment, as aforesaid, it may be continued from time to time for further periods of 12 months each, subject to all of the terms, provisions and requirements set forth in subdivision (2) hereof and applicable to the first extension under said subdivision; provided he shall have furnished to the company at its home office within four months prior to the termination of the period of 12 months ending with said anniversary and within four months prior to the termination of each such successive period, proof of continuance of disability in the manner and of the character required by said subdivision (2)."

It, therefore, appears that whether or not the plaintiff's husband had terminated his employment with the paper company at the time of his death and if he had, that the date of the termination of this employment consisted of facts and information which the company was entitled to know under the certificate of insurance. If the deceased had not terminated his employment at the time of his death, then the policy was not in force under the "Extension of Death Benefits" clause, and would necessarily have to be kept in force by the insured by the payment of premiums as provided therein. However, the allega-

tion to the effect that the insured had not terminated his employment when he died is not consistent with the later allegaion in the petition as amended that the policy was in force under the "Extension of Death Benefits" clause of the policy, and if the insured in claiming thereunder, instead of that the employment of the insured had not terminated when he died, then compliance with the requirements of this clause under the certificate would have to be shown in order for the plaintiff to be entitled to recover, which would be that the insured died within one year from the termination of his employment and that he was totally disabled at the time of such termination. The date that his employment was terminated was therefore very material and necessary under the provisions of the certificate, and the defendant was entitled to know the same. Such information was not contained in the original petition and the defendant sought by special demurrer to have same set out. Furthermore, the insured, prior to the expiration of four months from the termination of his employment, should have furnished the defendant with proof of his total disability. However, the amendment failed to disclose any of this information, so sought by special demurrer. Also, if the insured survived the first 12 months, and his disability continued and he had not been engaged in any employment for compensation during this time, such policy would remain in force, provided that the insured gave to the defendant company notice and proper proof of these facts, as required therein. Here again the date of the termination of such employment was vitally pertinent, and also the defendant was entitled to know whether or not the insured had made the proof and given the notice, as required. The defendant sought this information by special demurrer, and the same was not forthcoming from the plaintiff in her amendment.

The allegation that the insured had not terminated his employment when he died and the allegation that the policy was in force under the "Extension of Death Benefits" clause are wholly inconsistent and both cannot be true nor relied upon by the plaintiff as showing that the certificate of insurance was in force at the time of the death of her husband, the insured. This rendered the petition, as amended, subject to the demurrers urged.

"The office of a special demurrer to a plaintiff's petition . .

is to compel the plaintiff to set forth his charge or ground of complaint plainly, fully and distinctly, where he has failed to do so," and while a plaintiff "cannot be required by special demurrer to set forth the evidence by which he expects to prove the allegations made in his petition," he can be compelled by proper special demurrer "to give a plain, distinct and definite statement of issuable and traversable facts, instead of general allegations of liability, or vague, uncertain, or ambiguous recitals." *Wrightsville & Tennille R. Co.* v. *Vaughan,* 9 *Ga. App.* 371 (2) (71 S. E. 691). The defendant was entitled to know the time of the termination of the employment of the insured with the Atlanta Paper Company if it had been terminated, and a special demurrer to this effect was proper. See *Register* v. *Southern States Phosphate &c. Co.,* 157 *Ga.* 561 (122 S. E. 323). Where proof of disability is a condition precedent to recovery on an insurance policy, as here, and the petition fails to contain any allegation that such proof was made, same should be dismissed on demurrer. See *Thigpen* v. *Metropolitan Life Insurance Co.,* 57 *Ga. App.* 405 (195 S. E. 591).

The plaintiff's petition, as amended, was subject to the grounds of demurrer urged thereto, and the trial court did not err in sustaining the same and dismissing the petition, as amended.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*