37482.   UNITED STATES FIDELITY & GUARANTY
COMPANY *et al. v.* DAVIS.

Decided January 20, 1959—Rehearing denied
February 3, 1959.

46

*Larry E. Pedrick, Bennett, Pedrick & Bennett,* for plaintiffs in
error.

*E. H. Stanford, A. Tate Conyers,* contra.

TOWNSEND, Judge.   Code § 114-105 provides: "No compensation shall be allowed for an injury or death due to the employee's wilful misconduct, including intentionally self-inflicted injury, or growing out of his attempt to injure another, or due to intoxication or wilful failure or refusal to use a safety appliance or perform a duty required by statute. . . The burden of proof shall be upon him who claims an exemption or forfeiture under this section."   "Wilful misconduct" means violations which are conscious or intentional, not those which are inadvertent, unconscious or involuntary.   *Aetna Life Ins. Co.* v. *Carroll,* 169 *Ga.* 333 (1d) (150 S. E. 208).   The evidence here is entirely circumstantial, and where one having the burden of establishing a point

relies upon circumstantial evidence to prove an issue, the evidence must not only be consistent with the conclusion sought to be established, but must also be inconsistent with every other reasonable hypothesis. *Sixth St. Corp.* v. *Daniel,* 80 *Ga. App.* 680 (57 S. E. 2d 210). Such party has not, in a reasonable sense, submitted any evidence for the consideration of the triors of fact until the circumstances proved not only reasonably support the conclusion but also render less probable all inconsistent conclusions. *White* v. *Executive Comm. of Baptist Convention,* 65 *Ga. App.* 840 (16 S. E. 2d 605). That these rules apply to workmen's compensation cases, see *Carpenter* v. *Lockheed Aircraft Corp.,* 93 *Ga. App.* 213 (91 S. E. 2d 199).

As to the testimony regarding excessive speed (which alone would not under ordinary circumstances constitute wilful misconduct; see *Armour & Co.* v. *Little,* 83 *Ga. App.* 762(b), 64 S. E. 2d 707), it is totally insufficient to authorize a finding that excessive speed caused the automobile in which the employee was riding to go off the road. The only evidence as to the speed of the automobile was by one witness who testified that he based his conclusion entirely upon a chart put out by Northwestern University and otherwise unidentified. The conclusion reached was thus hearsay, and there was no testimony that the same facts, as shown by the condition of the car afterward, were not consistent with the employee traveling within the legal speed limits. On the issue of intoxication, no witness testified that the defendant was drunk or even that they saw him drinking, although the fact that he had drunk some alcoholic beverage is sustained by two witnesses who smelled it upon his breath. The case accordingly closely resembles that of *Parks* v. *Maryland Cas. Co.,* 69 *Ga. App.* 720 (26 S. E. 2d 562) where the employee was found unconscious on the road, his automobile wrecked; it was proved that he had had two small drinks of whisky shortly before; the doctor at the hospital smelled alcohol on his breath and diagnosed his condition as alcoholism. The court, reversing an award denying compensation, held: "Irrespective of the evidence being insufficient to show that the wreck was caused by the deceased's intoxication, if he were intoxicated, the evidence is insufficient to show that the deceased was intoxicated.

Intoxication does not consist merely in having partaken of intoxicating liquor, or in being to some extent under the influence of it. Drunkenness, or intoxication, is a condition where one is under the influence of intoxicating liquors to the extent that he is not entirely at himself, or his judgment is impaired, and his acts or words or conduct is visibly and noticeably affected." P. 725. Here, the only witness who testified that the deceased was "under the influence" said he based this conclusion on the odor on his breath, and that he showed no effects of the alcohol and was not under the influence to the extent that it was less safe for him to drive. The only possible distinction between the *Parks* case and this case is that there some positive testimony existed to the effect that the car was in bad mechanical condition. The court quoted in reference thereto: "When the evidence tends equally to sustain either of two inconsistent propositions, neither of them can be said to have been established by legitimate proof." Here there was evidence that the employee complained of having had little sleep the night before, and he was feeling ill during the afternoon and employed another person to drive him around for about three hours. He did not go to bed on the night in question, and his car was wrecked while he was going home at about 3 a.m. the following morning. The evidence relating to the car leaving the road is equally as consistent with the fact that the employee was ill, went to sleep, or had some other physical difficulty, as it is with the fact that his car left the road due to his intoxication. Since there is no evidence whatever that the accident occurred because of the intoxication of the deceased except as it may arise from an inference that he was drunk, and since the existence of a drunken condition can only arise as an inference from the testimony of witnesses that they smelled alcohol on his breath during the afternoon, when, according to their testimony he was not drunk, to allow this conclusion would constitute pyramiding an inference on an inference. *Ga. Ry. & Elec. Co.* v. *Harris*, 1 *Ga. App.* 714, 718 (57 S. E. 1076). The deceased did have a pint bottle of liquor, unopened, at 9 p.m. There was a pint bottle, over half empty, found at the scene, but the circumstances make it impossible to accept this as proof that the missing quantity of liquor had been drunk by the de-

ceased. The bottle was standing upright on the ground beside the road with the cap off, after the car had turned over two or three times, and the likelihood that it would have landed upright in an open condition on that rough terrain without spilling any of its contents seems slight. Accordingly, all of the evidence is insufficient to sustain the finding that the cause of the death of claimant's husband was his wilful misconduct in driving while in an intoxicated condition.

The judge of the superior court did not err in reversing the award denying compensation.

*Judgment affirmed.* *Gardner, P. J., and Carlisle, J., concur.*