42087.   AUGUSTA COACH COMPANY et al. v. LEE.

FRANKUM, Judge.   1.   It is fundamental that the burden of proof rests upon the plaintiff to establish a right to recover by proving all of the essential facts constituting a cause of action. *Atlantic C. L. R. Co. v. Thomas,* 83 Ga. App. 477 (1) (64 SE2d 301).   It is equally fundamental that the jury may not base its verdict on mere guess or speculation, and that where proof of the plaintiff's case is dependent upon circumstantial evidence, the circumstances must in some reasonable degree tend to preponderate in favor of inferences which establish the result claimed. *Bentley v. Southern R. Co.,* 52 Ga. App. 188, 190 (2) (182 SE 815).   Such proved circumstances "must tend in some proximate and reasonable degree to establish the conclusion claimed, and render less probable all inconsistent conclusions." *Ladson Motor Co. v. Croft,* 212 Ga. 275, 277 (92 SE2d 103).

2.   Upon application of the foregoing principles it has been held that testimony of an expert witness to the effect that the occurrence in question "could have" contributed to and precipitated a coronary accident which was shown to have been the ultimate cause of the death of the deceased was insufficient to support a finding in favor of one seeking to recover under the Workmen's Compensation Act for his death. *Hardware Mut. Cas. Co. v. King,* 104 Ga. App. 252, 254 (1, 3) (121 SE2d 336).   So, it has been held too, in a workmen's compensation case where the issue depended upon the testimony of an expert witness as to the cause of death, that the refusal of the claimant's physician to express an opinion that the exertion shown to have been undertaken by the deceased could have contributed to his diseased condition, and where the other evidence introduced did not raise a natural inference from human experience that it did so contribute, a

finding in favor of the claimant was not authorized. *Hoffman v. National Sur. Corp.*, 91 Ga. App. 414, 417 (85 SE2d 784). Nothing in *Thomas v. U. S. Casualty Co.*, 218 Ga. 493 (128 SE2d 749), should be interpreted as abrogating the foregoing principles. A careful reading of that case will show that the Supreme Court, in reversing this court's ruling in that case, merely found evidence which raised a natural inference from human experience of a causal connection between the exertion of the employee and his death, which evidence the Supreme Court thought this court had apparently overlooked.

3. The foregoing principles, while enunciated principally in workmen's compensation cases, are clearly applicable to the peculiar facts of this case. In this wrongful death action the plaintiff's evidence tended to show that her deceased husband, who was normally a jovial, happy-go-lucky, talkative individual, on the day he died, left home early in the morning for the express purpose of going fishing; that he returned to the city of Augusta late in the afternoon or early evening, and was involved in a collision with a bus of the defendant, Augusta Coach Company, resulting in minor damage to his automobile when it was struck from behind by such bus while his automobile was standing at an intersection waiting for a traffic light; that shortly thereafter the deceased was observed by a police officer, who investigated the collision, to be apparently in a dazed, frightened and confused state of mind; that thereafter the deceased visited a friend for the purpose of delivering to him some fish, which friend also noted that the deceased was not his normal self and was in a dazed, frightened and confused state of mind; that thereafter the deceased returned to his grocery store where his wife, the plaintiff, observed similar changes in his personality; that he thereafter departed from his usual routine of activities both at the grocery store and at home; and that somewhere around midnight he was observed by members of his family gasping for breath, and though they administered first aid, called one of his friends in, and took him to the hospital, he was pronounced dead on arrival. The sole medical witness, a pathologist, testified that the deceased's death was caused by a massive pontine hemorrhage, which is a hemorrhage at the base of the brain; that the deceased's general physical condition with respect to his vascular system was poor; that he found evidence that the deceased had suffered a similar

minor hemorrhage in the same general area of the brain from 2 to 7 days prior to the fatal attack, and that he was in such a condition that he was apt to have died at any moment, even in the absence of fright or upset; that fright or an upset such as the deceased was shown by the evidence to have suffered would probably cause an increase in his blood pressure and render him more likely to suffer a rupture of the weakened blood vessels in his brain; and that, in his opinion, the deceased suffered the fatal hemorrhage no more than 30 minutes prior to the time he was first observed in a comatose condition. On cross examination the doctor testified that to say that Mr. Lee died as a result of fright or fear which caused a hemorrhage would be mere speculation and conjecture in his opinion. Such evidence, under the principles first enunciated, was insufficient to authorize a verdict in favor of the plaintiff, and, therefore, demanded a verdict for the defendants, the burden being upon the plaintiff to prove her case. "The mere fact that one event chronologically follows another is alone insufficient to establish a causal relation between them." *Payne v. Chandler*, 41 Ga. App. 385 (2) (153 SE 96). No witness testified positively as to the activities of the plaintiff's husband between the time he left home in the morning to go fishing and the time of the collision late in the evening. No witness testified as to the apparent physical or mental condition of the plaintiff's husband between such hours, and especially as to such condition immediately prior to the collision with the defendant's bus. For the jury to reach a verdict in this case in favor of the plaintiff it was necessary for them to infer from the circumstances proved that the fright and upset of the plaintiff's husband was caused by the minor collision between his automobile and the bus and not by some other or prior occurrence, and the jury had to speculate further that such fright or upset induced a condition of high blood pressure which contributed to or hastened the rupture of the blood vessels in the brain of the deceased which caused his death. In finding for the plaintiff the jury was required to draw an inference which was too remote to be the basis of the conclusion reached. *Georgia R. & Elec. Co. v. Harris*, 1 Ga. App. 714 (3) (57 SE 1076); *Lee v. State*, 8 Ga. App. 413 (69 SE 310); *Lumbermen's Mut. Cas. Co. v. Bridges*, 81 Ga. App. 395, 401 (58 SE2d 849). It follows that the trial

court erred in denying the defendants' motion for a judgment notwithstanding the verdict.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*

ARGUED JUNE 7, 1966—DECIDED SEPTEMBER 15, 1966— REHEARING DENIED OCTOBER 11, 1966—

*Fulcher, Fulcher, Hagler, Harper & Reed, Gould B. Hagler,* for appellants.

*Thurmond, Hester, Jolles & McElmurray, Thomas R. Burnside, Jr.,* for appellee.