42450. BROWN & STEPHENS PIPE LINE
CONTRACTORS, INC. v. SHIPP.

ARGUED JANUARY 3, 1967—DECIDED JANUARY 19, 1967—
REHEARING DENIED FEBRUARY 2, 1967.

*Powell, Goldstein, Frazer & Murphy, Eugene Partain, James H. Keaten,* for appellant.

*Grubbs & Burke, J. M. Grubbs, Jr.,* for appellee.

EBERHARDT, Judge. We affirm the judgment complained of and hold that the case was properly one for jury determination. Although plaintiff's testimony may have been vague and equivocal as to whether "the ditch" or "the indentation" which his automobile struck was the particular sewer depression which the defendant created, this is consistent with plaintiff's theory of the case that he never saw the hazard because of the physical circumstances. Plaintiff did testify, however, that the left front tire of his automobile struck an indentation or hole in the right-hand lane near the center line, very close to the bridge—approximately 20 to 30 feet—causing him to lose control of the automobile. A photograph of the scene showed a depression (much shallower, however, than was alleged) running at an angle across the entire width of the road in close proximity to the bridge, over which an automobile would necessarily have to pass in order to reach the bridge. No other indentations

or "holes" appear in the photograph of the immediate area of the bridge. This evidence, in addition to other evidence fixing the location of the depression and the absence of other defects in that area, was sufficient circumstantial evidence to go to the jury on the question of whether the hole or indentation which plaintiff struck was the sewer depression created by defendant.

Defendant insists, however, that the evidence did not exclude all other possible causes of the collision but rather was consistent with a number of reasonable hypotheses. Contrary to defendant's interpretation, we do not regard plaintiff's testimony as so vague, contradictory and equivocal as to nullify his assertion that he struck an indentation as related above which caused him to lose control of the automobile. In this posture all of the possible causes of the collision suggested by defendant vanish, except the one emphasized—that the automobile may have struck a "pothole" in the road rather than the sewer depression created by defendant.

The testimony in regard to "potholes," rough pavement, etc., elicited during the presentation of plaintiff's case, was generalized in regard to space and time and did not fix a defect existing at the time of the collision in definite relationship to the bridge or to the sewer depression. One of defendant's witnesses testified that there were "potholes" in that *vicinity* of Glenwood Road and on cross examination stated that the photograph showed a hole in the road on the approach to the bridge. We are unable to tell from the transcript, however, whether the witness was ever able to point out a pothole on the photograph, and we are unable to discern any holes from our own scrutiny of the photograph. In addition another of defendant's witnesses testified that there were no potholes or cracks "right at the scene" because fresh asphalt had been put down.

Even assuming a pothole on the approach to the bridge, however, the most that can be said is that the automobile *may* have struck it whereas it *must* have struck the sewer depression, since that went across the entire width of the road. Hence the rules of general application in regard to circumstantial evidence discussed in the cases cited by defendant

(*Stapleton v. Stapleton,* 87 Ga. App. 417 (74 SE2d 116) ; *Sixth Street Corp. v. Daniel,* 80 Ga. App. 680 (57 SE2d 210) ; *Georgia R. &c. Co. v. Harris,* 1 Ga. App. 714 (57 SE 1076) ; *Liberty Nat. Life Ins. Co. v. Liner,* 113 Ga. App. 710 (149 SE2d 523) ; *Augusta Coach Co. v. Lee,* 114 Ga. App. 452 (151 SE2d 803)) do not prevent, but on the contrary prescribe, a jury determination of this issue.

In any event, since the ultimate facts which constitute some of the circumstantial evidence in the case depend on the credibility of witnesses to establish their verity, this court must affirm the judgment since we do not know what the facts were found to be and are not called upon to decide whether the verdict was demanded one way or another on uncontradicted circumstantial evidence. On the record the jury would have been authorized to find either way—for the plaintiff or for the defendant.

*Wright Contracting Co. v. Davis,* 90 Ga. App. 585 (83 SE2d 567), heavily relied upon by defendant, does not require a different result, for it does not appear that the automobile involved there struck a hazard in the road causing it to go out of control. As we understand that case there was no causal connection shown between the collision and the hazardous road conditions.

Since the evidence was in conflict in regard to speed, intoxication, and the dimensions and character of the sewer depression, the issues of negligence and proximate cause were properly left to the jury.

On the question of liability the evidence is weak and makes a very close issue. Some circumstances in the evidence might well lead us to a different conclusion if we were sitting as jurors. But we are not, and since we find nothing to demand a particular verdict we must let the matter remain in the jury's hands. Denial of a judgment notwithstanding a mistrial was not error.

*Judgments affirmed. Felton, C. J., and Hall, J., concur.*