*John J. Jones,* for plaintiff. *W. Inman Curry,* for defendant.

---

12999. GAINESVILLE LIMESTONE Co. *v.* ROBERTSON, adm'x.

STEPHENS, J. 1. In a suit in quantum meruit, where it does not appear that the services rendered by the plaintiff were rendered to the defendant or for the defendant's benefit, or, if rendered to a third person, were rendered in the performance of a duty which the defendant owed to such third person, no promise by the defendant to pay for such services will be implied.

2. Medical services rendered to an injured employee, such as the performance of an operation upon him for the purpose of relieving him from the effects of the injury, and in giving him medical attention generally, are not services for the benefit of the employer, where they are not rendered until after the injured person has reached his home and been cared for by another physician, and are not rendered in the performance of any duty which the employer may at the time of the injury owe to the employee, in the nature of emergency treatment, by way of a humanitarian or legal duty to immediately minister to and care for the injured employee.

3. Where at the time of injury to an employee and after he had been informed that a certain physician had been summoned to treat his injury, the employee requested a fellow servant to summon the plaintiff, who was his own family physician, and the plaintiff was accordingly summoned, and, in company with the other physician, treated the employee's injuries and continued in attendance upon him, and where, several days afterwards, an authorized agent of the employer stated to the physician who had first been summoned that he desired that everything necessary be done for the benefit of the injured employee, including the procurement of other physicians, if such was necessary, and where such physician did cooperate with the plaintiff, the inference is not authorized that there was an express contractual relation between the plaintiff and the employer, obligating the employer to pay the plaintiff for any medical services rendered to the employee.

4. The verdict rendered for the plaintiff, being without evidence to support it, should have been set aside upon the defendant's motion for new trial. *Judgment reversed. Jenkins, P. J., concurs.*

DECIDED JULY 24, 1922.

Complaint; from city court of Hall county — Judge Sloan. October 1, 1921.

*Ed. Quillian,* for plaintiff in error.

*Edgar B. Dunlap, Luther Roberts,* contra.