### GREENWOOD *v.* STARR *et al.*

ATKINSON, J.   1. As a general rule, in an action to cancel a deed as cloud upon title, except in the case of wild lands, it must appear that the petitioner is in possession. *McMullen* v. *Cooper*, 125 *Ga.* 435 (54 S. E. 97); *Weyman* v. *Atlanta*, 122 *Ga.* 539 (50 S. E. 492). An exception to the rule is where the deed was procured by the defendant from the petitioner by fraud. *Gilmore* v. *Hunt*, 137 *Ga.* 272 (73 S. E. 364). Under the allegations, it was unnecessary to allege further that petitioners were in possession of the land.

2. A defect in a petition, resulting from nonjoinder of proper parties, can not be taken advantage of by a general demurrer. Neither can such a defect be taken advantage of by motion for a new trial. *Hunt* v. *Doyal*, 128 *Ga.* 416 (57 S. E. 489); *Cason* v. *United Realty & Auction Co.*, 158 *Ga.* 584 (123 S. E. 894); *Roberts* v. *Burnett*, 164 *Ga.* 64(7) (137 S. E. 773). Even if the petitioners' sister and brother were necessary parties to the suit, nonjoinder as to them could not be raised on general demurrer.

3. Realty descends directly to the heirs at law, subject to be administered by the legal representative, if there be one, for the payment of debts and the purpose of distribution. If there be a legal representative, the right to recover it is in him; if there be none, the heirs may sue in their own name. Civil Code, § 3657. And if there be no administrator, the heirs may be sued to cancel a deed on the ground of fraud in its procurement. *Ellsworth v. McCoy*, 95 *Ga.* 44 (22 S. E. 39).

4. The petition as amended alleged a cause of action, and was not subject to general demurrer for any reason assigned.

5. The amendment did not allege a new cause of action.

6. The amendment alleging grant of letters of administration of the estate of George W. Greenwood, deceased, since institution of the suit, and making the administrator a party defendant, did not make such "new and independent party" as rendered the petition demurrable on the ground of misjoinder of parties defendant.

7. The amendment referred to in the preceding note was not demurrable on the ground that copies of the judgment appointing the administrator and of the letters of administration were not set out or attached to the amendment or the petition.

8. The evidence did not demand a finding that the trust deed from J. J. Greenwood to his wife and children was not delivered by the grantor or accepted by the grantee, and there was no error in admitting the deed in evidence over such objections.

9. The court did not err in omitting to instruct the jury that the deed from the petitioners and their sister and brother to their grandfather, G. W. Greenwood, could not be canceled in this suit, for the reason that their sister and brother were not parties to the case.

10. Nor did the court err in failing to charge the jury: "That if the alleged fraud did not injure the plaintiffs, they had no right to recover. Before an action based upon fraud will lie, there must be some injury which resulted to plaintiffs."

11. The court charged: "If you determine that fraud was perpetrated upon them, although the deed was made, you are instructed that if it was obtained by fraud, as contended by the plaintiff, then the deed would not be a valid deed, but would be void, and the plaintiffs would be entitled to have that deed canceled." This instruction was not erroneous on the ground, as contended, that two of the grantors in the deed referred to were not parties to the case.

12. The court charged: "If no title ever passed into George W. Greenwood from these children, and in that event if you determine that to be the truth of the case, your finding would be in favor of the plaintiffs for a one-half interest in the property in question—that is, a one-half undivided interest in the property, and that the other two deeds in question be canceled, the deed dated August 30th, 1924, and the one dated October 12, 1924." This charge was not erroneous on the ground, as contended, that two of the parties, joint makers of the deed to George W. Greenwood, were not parties to the case.

13. The court charged: "In the event you find in favor of the plaintiffs, the form of your verdict would be, We, the jury, find for the plaintiffs, and that title (that is a one-half undivided interest in this property in ques-

tion) be decreed to be in plaintiffs, Mrs. Ledford and Mrs. Starr; and we further find that the deed from the four children—the deed from Mrs. Ledford and Mrs. Starr and others to George W. Greenwood—be canceled, and the deed from George W. Greenwood to J. J. Greenwood be canceled." This charge was not erroneous on the ground, as contended, that petitioners' sister and brother were not parties to the case.

14. In instructing the jury as to the form of the verdict the court charged: "In the event you find in favor of the plaintiffs, the form of your verdict would be, We, the jury, find for the plaintiffs, and that title—that is a one-half undivided interest in this property in question—be decreed to be in the plaintiffs, Mrs. Ledford and Mrs. Starr; and we further find that the deed from the four children—the deed from Mrs. Starr and Mrs. Ledford and the others to George W. Greenwood —be canceled, and the deed from George W. Greenwood to J. J. Greenwood be canceled." This charge was not erroneous, as contended, for the reason that the pleadings and evidence showed that W. H. Greenwood was the temporary administrator and that Ed. Holden had been appointed permanent administrator, but that an appeal to the superior court from the court of ordinary appointing Ed. Holden permanent administrator had been entered, that by order of court Ed. Holden was made a party defendant, that the appeal was pending, and the temporary administrator W. H. Greenwood never was made a party to the cause. Upon these facts as disclosed by the evidence, it is contended that the temporary administrator was a necessary party before the deed made by George W. Greenwood could be legally canceled.

15. The answer of the defendant J. J. Greenwood, as amended, set up that the trust deed was void, that the petitioners have no interest in virtue of it, that the land is his property alone, and that such deed was a cloud upon his title; and prayed for a judgment in his favor. There was conflict of evidence as to whether there was an intentional delivery of the deed, and evidence on the other issues in the case. On the whole the evidence was sufficient to support the verdict for the plaintiffs. If the pleadings and the evidence did not authorize a finding for the defendant for a life-estate in the property, it is not cause for reversal at his instance that the verdict found such an estate in his favor. The judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 8405. FEBRUARY 25, 1932.

*James F. Ramey, J. T. Davis,* and *Thad L. Bynum,* for plaintiff in error.

*J. B. Jones,* contra.