30297.   McCLOUD *et al. v.* FRANKLIN.

Decided March 16, 1944. Adhered to on rehearing, March 30, 1944.

*Berner Williams, G. H. Williams,* for plaintiffs in error.

*Will Ed Smith,* contra.

FELTON, J. (After stating the above facts.) ■ The judgment on the demurrer to count one, unexcepted to, eliminates from the case the question whether the plaintiff is entitled to recover by reason of the fact that his failure to recover and partition certain

lands claimed by the defendants and other heirs of Sherman Price was due to the fact that the heirs did not co-operate with him.

■ Under the record here presented, the construction of the contract was a matter for the court; but we think that the interpretation placed on the contract by the trial judge was incorrect, and that he erred in directing a verdict for the plaintiff. Our view is, that construing the contract as a whole, with the sole view of ascertaining the intention of the parties, it means that the attorney was employed to recover for the heirs certain lands held adversely to them, to which they claimed title, and to have them partitioned, upon which contingency he would receive the agreed fee. We do not think that the use of the words, "is hereby employed as an attorney at law to look after all the legal interests of said tenants in common" means that the employment was to represent all legal interests generally. The provision following the one just quoted limits and defines "all the legal interests." The provision following states, "such as getting in possession of all realty," etc. The meaning is the same as if the contract had stated, "to look after all the legal interests involving the recovery of property held adversely to the heirs." This construction is supported by the subsequent provisions, "and to do all things required and necessary in and about said property which was once the Sherman Price estate so as to make same available to be used and enjoyed by said tenants in common as owners of same, for which legal services the said party of the first part hereby agrees . . to pay . . $1000, . . . said sum to be paid as same is available from the sale of some, or all, of the property now claimed by said tenants in common, which was once the estate of their father. . . It is agreed that said tenants in common shall and will give said party of the second part their full co-operation, assistance and support to gain possession of any and all realty now held adversely to them, or anyone of them." The statements in the contract with reference to obtaining possession of lands claimed by the heirs can refer to no lands other than those held adversely to the heirs, because there would be no necessity to recover lands owned and held by them. Likewise, the statement as to the source from which the fee was to be paid, means the proceeds from the sale of lands recovered from those holding adversely to the heirs. The word "claimed" means claimed as against those holding ad-

versely, and does not refer to lands owned by the heirs and not claimed by others. We can not agree with the plaintiff in the court below that the contract is one for general legal services to be paid for out of lands recovered, or other lands now owned by the heirs which are in their possession and about the ownership of which there is no dispute. The evidence shows without dispute that the contingency provided for in the contract was not brought about, and that the attorney's fee never did accrue. The fee was "to be paid as the same is available from the sale of some or all of the property now claimed by said tenants in common which was once the estate of their father, Sherman Price, deceased." The court erred in directing a verdict for the plaintiff, and in overruling the defendants' motion for a new trial.

■ Special ground 1 is without merit, as a non-joinder of parties must be objected to at the first term by special plea, or by special demurrer, and can not be raised for the first time by motion for new trial or bill of exceptions. Code, § 81-304; *Merritt* v. *Bagwell,* 70 *Ga.* 578 (3); *Hogan* v. *Morris,* 7 *Ga. App.* 232 (4) (66 S. E. 550); *Greenwood* v. *Starr,* 174 *Ga.* 503 (2) (163 S. E. 500).

It is not necessary to pass on the other questions raised.

*Judgment reversed. Sutton, P. J., concurs.*

PARKER, J., dissenting. In my opinion the contention of the defendants that the contract was contingent upon the recovery of lands and the partitioning thereof is not sustained by the record. It appears to me to be a contract for general representation of the defendants with respect to their legal interests in realty and other property, and for doing "all things required and necessary in and about said property." The bringing of the suit for the recovery of certain realty, which was admittedly unsuccessful, was merely one matter, or thing, in the general representation of the defendants. As a matter of fact, the defendants admitted in their answer to count 1 that they objected to and opposed any suit or action to recover the lands referred to for the reason that said properties were legally disposed of by their mother; yet the recovery of said lands was what the defendants now claim was the contingency on which the contract was founded.

The majority opinion concedes that the construction of the contract was a matter for the court. Under the Code, § 20-704 (4),

"the construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." There is a presumption in favor of the validity of a contract, and when suit is filed on a contract, the burden of making out a complete defense lies on the defendant. *Red Cypress Lumber Co.* v. *Perry,* 118 *Ga.* 876, 879 (45 S. E. 674). Under these general rules of law, where the testimony for the plaintiff tended to show full compliance with the contract on his part, and where the defendants offered no evidence in rebuttal, the construction placed on the contract by the court was correct, and the court did not err in directing a verdict for the plaintiff, and in overruling the motion for new trial.