37319. GLOVER *v.* MADDOX *et al.*

Decided November 5, 1958.

Bobby Lee Cook, A. Cecil Palmour, for plaintiff in error.

Fullbright & Duffey, Clower & Anderson, E. J. Clower, contra.

QUILLIAN, Judge. ■ The defendant's general demurrer is directed only against the second count of the petition which undertakes to set up the plaintiffs' right to recover quantum meruit. "Lawyers jointly undertaking to represent a client without a contract as to the division of fees share equally." 5 Am. Jur. 386, § 207. This is generally recognized and followed in most jurisdictions. We think it prevails in Georgia and must be applied in the instant case.

When the evidence, direct or circumstantial, shows there was an express or implied contract among lawyers associated in the representation of a client the parties to the contract are bound by its terms.

While the lawyers associated in representing a client on a contingent basis, that is, where their compensation is dependent upon the success of the litigation undertaken, are benefited by the services of each, their services are rendered under the contract of employment to and for the benefit of their mutual client. The services rendered in carrying out that contract are not, within the meaning of Code § 3-105 to or for the benefit each of the other. Hence there can be no recovery on the basis of quantum meruit. Gainesville Limestone Co. v. Robertson, 28 Ga. App. 805 (113 S. E. 98).

We are therefore of the opinion that Count 1 of the petition set forth a cause of action and Count 2 alleged no right of recovery.

This is not a pronouncement that a lawyer may not recover against his associate in some form of assumpsit, as for instance by an action for money had and received, a fair share of the fees earned and owned by them jointly.

■ Grounds 3 and 4 of the special demurrer question the sufficiently of certain paragraphs of count 1, because a copy of the contract of employment alleged to have been entered into by the defendant with the clients by whom he was employed was not attached. The petition alleges the plaintiff was not a

party to the contract and that it is in the defendant's possession. In these circumstances it was not necessary to attach a copy of the same. *Farr* v. *McCook*, 95 *Ga. App.* 749, 751 (98 S. E. 2d . 584). Moreover, the contract was introduced as evidence and every fact that the defendant contends would have been revealed had a copy of the document been attached to the petition was fully shown to the court and jury.

The court's ruling was right and resulted in no harm to the defendant.

■ Special grounds 6, 7, 12 and 13 of the demurrer criticize a certain clear and explicit allegation contained in several paragraphs of count 1 as confusing, hence are without merit.

■ Special demurrers directed to count 2 of the petition need not be considered inasmuch as the count is held subject to general demurrer.

■ The first count of the petition alleged that the plaintiffs and defendant were associated in a case, that certain fees were earned through their joint efforts, and that there was no agreement between the parties as to the division of the fees, hence the plaintiffs were, under the usual custom of lawyers, entitled to share the fees equally with the defendant.

The answer denied the allegations of the petition and pleaded that there was an express oral contract as to the division of fees; that under the terms of the contract the plaintiffs agreed to accept $5,000 as full compensation for their share of the fees earned in the case. The answer further alleged that the $5,000 was tendered the plaintiffs and refused.

We consider the only general ground of the motion for new trial insisted upon in this court. It is that the verdict was without evidence to support it.

The defendant not only challenged the sufficiency of the evidence to prove the case as laid in count 1 of the petition (count 2 we have held set forth no cause of action) but points out technical reasons for his position that the evidence did not authorize a recovery.

He asserts that the evidence showed the contract of employment was with the defendant's firm, Wright & Glover, but stipulated other lawyers, Harris & Harris, Maddox & Maddox,

and Gary Hamilton were to be associated in representing the clients; that, since the contract of employment was between the clients and the defendant's firm and with him individually, first, his partner, Mr. Graham Wright, was a necessary party defendant; secondly, that he or his partner, even if the plaintiff's contention that there was no agreement as to the division of fees be accepted as true, were entitled to share in the fees individually and not as a unit, hence, were entitled to receive one-half of fees earned by all of the lawyers associated in the case, and the plaintiffs were entitled to receive only one-eighth part of all fees.

The latter contention is not sound. A firm of lawyers associated with other lawyers in handling a case, share in the fees as a unit and not individually, unless there be an agreement to the contrary.

We will now discuss the matter of nonjoinder of Mr. Graham Wright, the defendant's partner.

Where an individual is sued and the evidence adduced upon the trial shows that if there be liability as that of a partnership a motion for nonsuit is in order (*Myers* v. *Hook*, 11 *Ga. App.* 517 (3), 75 S. E. 833), but not a motion for directed verdict. This is true because in the absence of a plea of misjoinder the case goes to trial on its merits, and the court is not, unless such plea is filed, concerned with the question of whether all the parties jointly liable are named as defendant to the action. *Bray* v. *Peace*, 131 *Ga.* 637 (62 S. E. 1025). The rule does not apply where there is failure to name a joint defendant, leaving the court without jurisdiction of the cause (*Sowell* v. *Sowell*, 212 *Ga.* 351, 92 S. E. 2d 524), and perhaps it is applicable in some instances to cases arising under the negotiable instrument act.

The rule is well established that where there is no plea of misjoinder, the question of whether all of the parties jointly liable are named defendant in the suit cannot be raised for the first time by motion for a new trial. *McCloud* v. *Franklin*, 70 *Ga. App.* 859 (3) (29 S. E. 2d 651); *Greenwood* v. *Starr*, 174 *Ga.* 503 (2) (163 S. E. 500).

Moreover, the cause as set out in count 1 of the petition was against the defendant individually and was proved as pleaded.

The first count alleged that the defendant, not the defendant's partner, associated the plaintiffs in the case, and that the defendant withheld from the plaintiffs their fair share of the fees earned by and owned by them. Here the case of *Manning* v. *Gettys,* 48 *Ga. App.* 203 (3) (172 S. E. 571) should be considered. This case holds that when the goods of another are converted by a partner and delivered to the partnership, the third person may elect to sue the offending partner individually or the partnership.

The evidence is voluminous and it would serve no purpose to set it out in detail. It is sufficient to say that the plaintiff's proof amply supported the case as pleaded in count 1 of the petition. The defendant's evidence contradicted that of the plaintiffs, but did not conclusively disprove the plaintiffs' right of recovery on the theory upon which count 1 of the petition was based.

▪ Ground 1 of the amended motion for new trial complains of the admission of evidence not because it was inadmissible as a matter of substance, but because of the manner and form in which it was offered. The objections interposed do not show any valid reason for excluding the evidence. Moreover, the objections did not apply to all of the evidence. However, since the evidence may not be submitted in the same manner and form on another trial of the case, discussion of the ground's merit or sufficiency is unnecessary.

▪ Ground 2 of the amended motion excepts to an excerpt from the charge because it is confusing. The excerpt isolated from its context is perhaps subject to the criticism made of it, but when construed with the remainder of the charge is plain and explicit. A full discussion of the ground is unnecessary since the charge complained of will probably not be given in the same form upon another trial of the case.

▪ Grounds 3 and 4 of the amended motion for new trial complain that two charges of the same legal import were given the jury. Each charge was excepted to as being "erroneous and not sound as an abstract principle of law." The charges referred to were: "Gentlemen, I charge you that where an attorney or attorneys retained on a contingent fee basis to prose-

cute a claim—that is to say, to handle a civil case—engages another lawyer or lawyers to assist in the litigation, and they are to share such fees, if successful and, if not successful, to receive nothing for services, the relationship established between them is that of joint adventurers, or special partners and, in the absence of any agreement, they will be held, upon the successful result of the suit to share equally in the distribution of fees."

"In this connection, gentlemen, I charge you that, if you should find that the defendant, or the law partnership of which he is a member, obtained from Mr. Hollingsworth and Mr. Owens a contract whereby defendant or defendant's law firm was employed by the said Hollingsworth and Owens to prosecute their claim against Floyd County on a contingent fee basis; that is to say that, if the prosecution of the case was not successful the attorneys would receive no compensation, and, if it was successful they would receive fifty percent, or some other percentage of the sum collected. And, that after receiving said contract from the said Hollingsworth and Owens, the defendant, without making any agreement or contract with the plaintiff as to the division of fees between the defendant and plaintiff— that is to say, reached no agreement as to any specific amount that would be paid by the defendant to plaintiff, then I charge you that there was an implied contract under these circumstances, that the defendant would share equally with the other attorneys associated in said case, other than those with whom he had a specific agreement as to the amount to be paid to them upon the successful conclusion of the case."

We are of the opinion that the charges instructed the jury concerning a correct and sound principle of law material to the issues of the case. Langdon v. Kennedy, 63 A.L.R. 896; Underwood v. Overstreet, 10 A.L.R. 1352; Code § 75-206.

■ The fourth ground of the motion also alleges that the latter of the quoted charges expressed an opinion as to what had been proved.

In our opinion the charge was not subject to the criticism made of it. We think it amounted to no more than the submission of a question of fact pertinent to the issues of the case.

■ Ground 5 of the amended motion excepts to the charge:

"I charge you further, Gentlemen, that where one member of a copartnership converts to its own use personal property of a third person, the owner of such property so converted has a right of action at his option, either against the copartnership or against the individual partner guilty of such act of conversion to recover the property so converted, or its proved value."

The criticism of this charge is that it is confusing, misleading, and not authorized by the evidence adduced upon the trial. The charge is plain and explicit.

The petition alleged that the plaintiffs and the defendant were associated in handling certain litigation and by their combined efforts earned certain fees; the defendant collected the fees and refused to pay over to the plaintiffs their fair share of the same.

One of the plaintiffs, James Maddox, testified that the facts alleged were true. The defendant offered evidence to the contrary.

The charge was a sound statement of the law. *Manning* v. *Gettys*, 48 *Ga. App.* 203, 204, supra. Accordingly the charge merely submitted to the jury an issue made by the pleadings and authorized by the evidence. It contained no intimation of opinion that evidence of any fact had been submitted.

The judge erred in overruling the general demurrer to count 2 and was correct in overruling the special demurrers to count 1 and the amended motion for a new trial. The erroneous overruling of the general demurrer to count 2 of the petition rendered further proceedings nugatory. The rulings by this court on the further proceedings under the new rules are only for the purpose of guiding the trial court on another trial. The judgments of this court are rendered with the direction that the case be tried again on count 1 of the petition under the rulings on matters occurring since the erroneous ruling on the demurrer to count 2.

*Judgment affirmed in part and reversed in part. Felton, C. J., and Nichols, J., concur.*