A95A2132. NICKERSON et al. v. HOLLOWAY et al.
(469 SE2d 209)

Pope, Presiding Judge.

The parties are attorneys disputing the division of a $400,000 contingency fee resulting from the settlement of a wrongful death/personal injury action. The client hired defendant Holloway and his firm, and Holloway associated plaintiff Nickerson and his firm with the client's knowledge and consent. Holloway and Nickerson did not agree on or even discuss how they would divide the fee. Because Nickerson took most of the depositions, prepared all of the pleadings, and did most of the negotiating in the case, he subsequently took the position that he should get all or most of the fee. The trial court rejected this position and granted Holloway 50 percent of the fee on summary judgment, and Nickerson appealed. Agreeing with the trial court's determination that the fee should be divided 50-50 percent as a matter of law, we affirm.

1. Georgia has historically followed the majority rule that " '[l]awyers jointly undertaking to represent a client without a contract as to the division of fees share equally.' [Cit.]" *Glover v. Maddox*, 98 Ga. App. 548, 557 (1) (106 SE2d 288) (1958). Nickerson contends that this rule has been implicitly overruled by Directory Rule 2-107 (a) (2) of the State Bar Rules, which provides that a lawyer should not divide a fee with another lawyer unless "the division is made in proportion to the services performed and responsibility assumed by each." But the purpose of this rule is to protect clients from the payment of referral fees which could unfairly inflate their bills by allowing attorneys to collect payment for little or no work, and this purpose is not implicated where the attorneys dividing the fee have both done some work on the case and there is no suggestion that the client's fee is inflated or unreasonable. See *Watson v. Pietranton*, 364 SE2d 812, 816, n. 1 (W. Va. 1987) (Neely, J., concurring). For this reason, we agree with those courts which have held that as long as both attorneys have done some work on the case beyond signing and referring the client, the courts will not engage in the cumbersome task of evaluating after the fact the relative contributions made by the

bickering attorneys. See, e.g., *Stissi v. Interstate & Ocean Transport Co.*, 814 F2d 848 (2d Cir. 1987) (applying New York law); *Schniederjon v. Krupa*, 474 NE2d 805 (Ill. App. 1985). We recognize that some other jurisdictions interpret the rule to require the fee division to bear at least a substantial relationship to division of work and responsibility. See, e.g., *Dragelevich v. Kohn, Milstein, Cohen & Hausfeld*, 755 FSupp. 189 (N. D. Ohio 1990) (applying Ohio law); *McNeary v. American Cyanamid Co.*, 712 P2d 845 (Wash. 1986). Because this approach is not necessary to serve the purpose of the rule and because of the practical difficulties inherent in implementing it, however, we find these cases unpersuasive.[1]

Accordingly, Directory Rule 2-107 (a) (2) does not preclude a 50-50 percent split even if the work and responsibility were not divided 50-50 percent. It follows that *Glover* is still good law: in the absence of an agreement to the contrary, attorneys working together on a case are presumed to be joint adventurers who will share their fee equally.

2. In this case, both attorneys did some work on the case and there is no suggestion that the client's fee was inflated or unreasonable. Although Nickerson testified generally that Holloway "didn't do any real work on this case," Holloway presented evidence that he took photos of the accident site, interviewed the fact witnesses, and prepared extensive notes which were later used by Nickerson as well as the expert witness; that he gathered medical records and bills and transmitted them to Nickerson; that he met with the decedent's family and accompanied them to hearings and depositions; that he prepared the family for their depositions; that he took one deposition; that he had some conversations with opposing counsel in the course of negotiations; and that he handled probate matters and the automobile insurance claim for the family (for which there was no charge beyond the contingency fee). In light of this evidence of specific work Holloway did, Nickerson's general conclusion that Holloway did not do any real work does not create an issue of fact regarding whether Holloway did some work beyond referring the case to Nickerson. Accordingly, the rule of *Glover* applies, and the trial court did not err in granting Holloway summary judgment for 50 percent of the fee.

3. Nickerson's argument that Holloway should not be allowed to keep any of the fee because he was disbarred after completion of the case, for reasons unrelated to the case, is meritless. In the cases Nick-

---

[1] We note that the Directory Rules of our State Bar provide guidelines as statements of policy, but do not provide a basis for civil liability. See *Davis v. Findley*, 262 Ga. 612 (422 SE2d 859) (1992). Indeed, the rules themselves limit the remedy for their violation to "disciplinary action and/or punishment." Id. at 613. Any complaint that a division of fees is so disproportionate that it violates Directory Rule 2-107 (a) (2) should therefore be addressed to the State Bar. See *Donohue v. Green*, 209 Ga. App. 381 (433 SE2d 431) (1993).

erson relies on, the attorneys were all disbarred prior to conclusion of the case, and were therefore unable to complete their work for the client. See, e.g., *Egan v. Waggoner*, 170 NW 142 (S. D. 1918).

4. Lastly, Nickerson's assertion that there was an implied contract to split the fee other than 50-50 percent is not supported by the record.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED JANUARY 18, 1996 —
RECONSIDERATION DENIED MARCH 11, 1996 —

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.*, for appellants.

*Bell & James, John C. Bell, Jr.*, for appellees.