A97A0246. WILLIAM N. ROBBINS, P.C. v. BURNS.
(488 SE2d 760)

POPE, Presiding Judge.

William N. Robbins, P.C. ("the Robbins firm") sued its former associate, Stephen Burns, for breach of an attorney agreement after Burns resigned from the Robbins firm and continued representing clients he had represented at the firm. The superior court granted in part Burns' motion for summary judgment, and Robbins appeals. Concluding that the superior court correctly determined that the non-compete agreement was unenforceable and that no factual issues remained regarding the claim for money had and received, we affirm.

On August 1, 1993, Burns was retained by the Robbins firm as an associate. The Robbins firm handles plaintiffs' personal injury, malpractice and workers' compensation litigation; most of the cases are taken on a contingency fee basis. In July 1993, Burns and the Robbins firm executed an attorney agreement, which included terms governing Burns' possible departure from the firm. In October 1994, Burns and the Robbins firm entered into a second agreement governing the terms of Burns' possible departure from the firm. Several months later, Burns resigned, and some clients continued to have Burns represent them in their pending workers' compensation cases.

The Robbins firm sued Burns, alleging that he had breached the

agreement in various ways including: failing to allow the Robbins firm to inspect the client files he removed; failing to provide an accounting of the client files he removed; failing to reimburse the firm for the out-of-pocket expenses it incurred on those files; and failing to honor the fee divisions of the contract. The complaint set forth a count for unjust enrichment and quantum meruit and sought to enjoin Burns from further activity in violation of the contract. The Robbins firm amended the complaint and included a count for tortious interference with contract and one for money had and received. Burns answered and moved to dismiss, arguing that the agreement was unenforceable under the Code of Professional Responsibility and OCGA § 34-9-108. Attached to the motion was Burns' affidavit in which he stated that although he had been retained by sixteen of Robbins' former clients, he had removed only one file from the firm. The Robbins firm responded and filed Robbins' affidavit, in which Robbins claimed that Burns took 19 files.

The court converted the motion to one for summary judgment and granted the motion on the counts for breach of contract, quantum meruit and money had and received. The court left pending the claim of tortious interference with contractual relations.

1. Preliminarily, we note that this case is properly before us. See *Feldman v. Edwards*, 107 Ga. App. 397 (130 SE2d 350) (1963). Before filing this suit, the Robbins firm filed liens to recover the attorney fees in most of the cases, but these liens were eventually dismissed by a court or by Robbins.

The attorney agreement at issue provided that if Burns left the firm he would not solicit any of the clients from the Robbins firm. Specifically, it stated: "[n]otwithstanding anything contained herein to the contrary, should Employee be terminated by Robbins or cease for any reason to continue in the employ of Robbins: (a) Employee agrees that he/she will not solicit . . . any of the clients of the Robbins' firm should the Employee cease his employment relationship with the Robbins' firm for any reason whatsoever. This paragraph is not meant to restrict the practice of Employee, but is made in accordance with the Directory Rules of the State Bar of Georgia, see DR2-103. Should any client of the Robbins' firm seek out said Employee and ask said Employee to represent him/her, the following paragraphs [represent the controlling fee structure]."

The agreement then provided a fee structure, based on the stage of litigation of each case, which would apply if a client of the Robbins' firm asked Burns to represent the client. The agreement further stated: "[i]f the Employee brings any business into the firm from his/her own outside source, he/she will receive thirty-three and one-third (33-1/3%) percent of the net attorney fee generated on those matters. If the Employee leaves the firm for any reason, then Robbins would

be compensated on the same basis." The agreement also outlined rules regarding reimbursement for out-of-pocket expenses of removed files and making client files available for inspection before removing them from the firm. The agreement contained *no* limitation regarding duration. Compare *Pittman v. Harbin Clinic &c.*, 210 Ga. App. 767 (437 SE2d 619) (1993).

"Whether the restraint imposed by the employment contract is reasonable is a question of law for determination by the court [cits.], which considers the nature and extent of the trade or business, the situation of the parties, and all the other circumstances. A three-element test of duration, territorial coverage, and scope of activity has evolved as a 'helpful tool' in examining the reasonableness of the particular factual setting to which it is applied." (Citations and punctuation omitted.) *W. R. Grace & Co. v. Mouyal*, 262 Ga. 464, 465 (1) (422 SE2d 529) (1992).[1]

Robbins argues that the court erred in granting summary judgment since the agreement is not a restraint on trade and is enforceable. This argument is without merit since the attorney agreement contained no limitation regarding duration; it essentially provided that Burns could *never* work for any clients who had ever been clients of the Robbins firm without compensating that firm. Less importantly, but still relevant, is that the agreement contained no geographical restriction — in other words, the contractual restrictions applied everywhere. The provisions overprotect the interests of the Robbins firm and unreasonably impact Burns and the public's ability to choose professional services. See *Singer v. Habif, Arogeti & Wynne, P.C.*, 250 Ga. 376 (1) (297 SE2d 473) (1982); compare *Roberts v. Tifton Med. Clinic, P.C.*, 206 Ga. App. 612 (426 SE2d 188) (1992); *Cobb Family Dentistry v. Reich*, 259 Ga. 450 (383 SE2d 891) (1989).

The Robbins firm argument that the fee schedule was enforceable is without merit. See *Dougherty, McKinnon & Luby, P.C. v. Greenwald, Denzik & Davis, P.C.*, 213 Ga. App. 891, 892-893 (1) (447 SE2d 94) (1994). The fee schedule here is inextricably linked with the agreement not to compete, and as such, constitutes an unenforceable restraint on trade. See generally OCGA § 13-8-2. We base our conclusion on the overly broad language of the agreement and make no determination regarding the enforceability of these fee schedules had the contractual provisions been enforceable. Furthermore, we do not reach the arguments regarding whether the fee splitting agreement

---

[1] Although the Robbins firm argues that Burns was allowed to negotiate the terms of the agreement, the undisputed evidence shows that the agreement was an employment contract, not a professional partnership agreement. See *Roberts v. Tifton Med. Clinic, P.C.*, 206 Ga. App. 612, 614-615 (426 SE2d 188) (1992). Robbins does not contend that Burns was his partner, and accordingly, we do not apply the standards applicable to those agreements.

was violative of Rules 2-107 and 2-108 of the Code of Professional Responsibility Directory.[2]

2. The Robbins firm argues that the court erred in granting the motion on the claim for money had and received. This argument is also without merit. An action for money had and received "lies where another has received money which the plaintiff, ex aequo et bono, is entitled to recover and which the defendant is not entitled in good conscience to retain. Under this cause of action, the fact that the money was received from a third person will not affect the liability of the defendant, if in equity and conscience, he is not entitled to hold it against the *true owner*." (Citations and punctuation omitted; emphasis in original.) *Dept. of Med. Assistance v. Hallman*, 203 Ga. App. 615, 616 (1) (417 SE2d 218) (1992). Under this theory "recovery is authorized against one who holds the money of another which he ought in equity and good conscience to refund." (Citations and punctuation omitted.) *Piedmont Engineering &c. v. Balcor Partners-84 II*, 196 Ga. App. 486, 489 (1) (396 SE2d 279) (1990). "In one word, the gist of this kind of action is, that the defendant, upon the circumstances of the case, is obliged by the ties of natural justice and equity to refund the money." (Citations and punctuation omitted.) *Laurens County v. Gay*, 117 Ga. App. 793, 795 (3) (161 SE2d 906) (1968).

In the instant matter, Burns was not paid money which should have been paid to the Robbins firm. Although Burns may well be indebted to the Robbins firm for various aspects of file origination, Burns does not owe Robbins a refund. In other words, the Robbins firm was not the "true owner" of the money which the clients paid Burns. Accordingly, the court properly granted summary judgment on this claim.

Although the Robbins firm raised a claim for quantum meruit in the complaint, here it does not enumerate as error the court's grant of summary judgment on this claim. "Matters not enumerated as error will not be considered on appeal. An enumeration of error cannot be enlarged at the appellate level by statements in the briefs of counsel to include issues not made in the enumeration." (Citations and punctuation omitted.) *Sentry Ins. v. Majeed*, 194 Ga. App. 276, 277 (1) (390 SE2d 269) (1990). Accordingly, we make no determination regarding that ruling.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

---

[2] In this connection, we note that any complaint that the Disciplinary Rules were violated would be appropriately addressed to the State Bar. See *Nickerson v. Holloway*, 220 Ga. App. 553, 554 (1), n. 1 (469 SE2d 209) (1996).

DECIDED JULY 11, 1997.

*Arnall, Golden & Gregory, Karen B. Bragman, Henry M. Perlowski*, for appellant.

*David J. Reed*, for appellee.