## A02A0597. LANE v. THE STATE.
### (564 SE2d 857)

MILLER, Judge.

Gary Lane was convicted of armed robbery and of hijacking a motor vehicle based on evidence that he was found fleeing in the stolen car within minutes after the hijacking and that when brought to the scene of the arrest some minutes later, the victim positively identified Lane as the robber. He appeals, arguing the evidence did not suffice to sustain the conviction. We disagree and affirm.

Sometime after 2:00 a.m., the victim filled his car with gas and reentered his vehicle, only to have a man approach on the driver's side and point a gun at his head. Standing within two feet of the victim, the man ordered the victim out of the car, and the victim complied. The robber entered the car and drove off.

The victim immediately called police, giving the direction of the vehicle and its license number as well as a description of the robber. Within minutes police spotted the stolen vehicle and attempted a stop, only to have the vehicle speed off. In the ensuing chase through a residential area, the vehicle reached speeds of seventy mph and ran

four stop signs, finally hitting a mailbox and smashing into a tele-phone pole. Lane was the driver, and within minutes police brought the victim to the scene, who positively identified Lane as the gun-man. A gun not belonging to the victim was found in the vehicle.

A year later at trial, the victim's memory was insufficient to allow him to again identify the robber. He could only confirm that he was certain that he correctly identified the robber at the arrest scene. The court denied Lane's motion to exclude the pre-trial identification. The jury found Lane guilty of armed robbery and of hijacking a motor vehicle. Citing the general grounds, he moved for a new trial, which was denied. He appeals on the same grounds.

Significantly, Lane does not enumerate as error the ruling on his motion to exclude the pre-trial identification, but challenges only the sufficiency of the evidence that was admitted. Accordingly, we do not consider the correctness of the unchallenged ruling. See *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999) ("The appellate court is precluded from reviewing the propriety of a lower court's ruling if the ruling is not contained in the enumeration of errors. [Cits.]"); *William N. Robbins, P.C. v. Burns*, 227 Ga. App. 262, 265 (2) (488 SE2d 760) (1997).

Regarding sufficiency of the evidence, the standard of review is clear:

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*[, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)]. Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to estab-lish a fact.

(Footnotes omitted.) *Phagan v. State*, 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000).

Here Lane fled from police in a car hijacked only minutes earlier. See *Shaheed v. State*, 245 Ga. App. 754-755 (1) (538 SE2d 823) (2000) (possession of recently stolen car and flight are circumstantial evi-dence of guilt). A gun not belonging to the victim was found in the vehicle, and the victim was brought to the arrest scene and immedi-

ately identified Lane as the robber. Cf. *Salazar v. State*, 245 Ga. App. 878 (1) (539 SE2d 231) (2000) (showup identifications at scene are permissible). Lane's attempt to show his innocence by relying on the circumstantial evidence rule of OCGA § 24-4-6 necessarily presumes that the evidence was entirely circumstantial (see *Cunningham v. State*, 240 Ga. App. 92, 99 (4) (b) (522 SE2d 684) (1999)), a presumption that fails in light of the direct evidence of the victim identifying him at the scene. See *Gresham v. State*, 246 Ga. App. 705, 707 (2) (541 SE2d 679) (2000). We hold that the evidence sufficed to sustain convictions for armed robbery and for hijacking a motor vehicle. See OCGA §§ 16-8-41 (a); 16-5-44.1 (b).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED MAY 6, 2002.

*Richard O. Allen*, for appellant.

*Patrick H. Head, District Attorney, Rose L. Wing, Amy H. McChesney, Assistant District Attorneys*, for appellee.