A05A1255. JOSEPH H. KING, JR., P.C. et al. v. LESSINGER et al.
(622 SE2d 381)

BERNES, Judge.

Appellants Joseph H. King, Jr., P.C. and Louis R. Feingold appeal from the trial court's order granting the motion to dismiss their complaint filed by appellees Howard M. Lessinger and McLain & Merritt, P.C. For the reasons set forth below, we affirm.

The facts as alleged in the appellants' complaint are as follows. Appellants are attorneys licensed to practice law in the State of Georgia. On February 26, 2002, Olivean and Simon Slattery entered into a contingency fee contract with appellant King under which he would represent them in a personal injury action against a trucking company and its insurer. As contemplated by the contract, appellant Feingold was associated as an attorney to assist King with the lawsuit. Appellants thereafter filed suit on behalf of the Slatterys in the Superior Court of Hall County.

In November 2002, the Slatterys discharged appellants as their counsel. The Slatterys entered into a new contingency fee contract with appellees to represent them in the Hall County lawsuit from that point forward. Appellee Lessinger, a partner at appellee McLain & Merritt, subsequently negotiated a settlement with the trucking company and its insurer on behalf of the Slatterys for $995,000. Based on their contingency fee contract with the Slatterys, appellees received a fee totaling one-third of the settlement amount, or $331,666.67.

On August 3, 2004, appellants filed suit against the Slatterys and appellees, among others. Appellants alleged that they were entitled to enforce their original contingency fee contract against the Slatterys, or, alternatively, to recover from them in quantum meruit. With regard to appellees, appellants alleged that they "should be required, under equitable principles, to disgorge all or part of the fee they received because that fee should have been paid to [appellants]."[1]

---

[1] In their complaint, appellants claimed that they had an attorney fees lien on the

Appellees moved to dismiss appellants' action as to them, contending that appellants had failed to state a claim upon which relief could be granted. The trial court agreed and entered an order granting the motion to dismiss. The trial court later amended its order to provide that, pursuant to OCGA § 9-11-54 (b), the order be treated as an entry of final judgment with regard to appellees. Appellants now appeal from the trial court's amended order.

We apply a de novo standard of review to the trial court's grant of a motion to dismiss. *Croxton v. MSC Holding, Inc.*, 227 Ga. App. 179, 180 (489 SE2d 77) (1997). "A motion to dismiss may be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim." (Citation omitted.) Id. Even under this flexible standard, we conclude that appellants have failed to state a claim against appellees. To the extent that appellants have a cause of action in equity to recover all or part of their attorney fees, their cause of action does not lie against appellees under the particular circumstances of this case.

In Georgia, an attorney discharged by his client is not entitled to collect a contingency fee, if the attorney "is discharged before the occurrence of the contingency specified in [the] contingen[cy] fee contract." *Greer, Klosik & Daugherty v. Yetman*, 269 Ga. 271, 274 (2) (496 SE2d 693) (1998). See also *Ellerin & Assoc. v. Brawley*, 263 Ga. App. 860, 861-862 (1) (589 SE2d 626) (2003). Absent express contractual provisions addressing fees in the event of termination,[2] the discharged attorney is limited to pursuing the equitable remedy of quantum meruit, under which he can recover the "reasonable attorney[ ] fees for his services that have been rendered on behalf of the client." (Citation and punctuation omitted.) *Overman v. All Cities Transfer Co.*, 176 Ga. App. 436, 438 (336 SE2d 341) (1985).[3]

---

settlement proceeds which could be enforced against the trucking company and its insurer. Appellants did not bring a claim predicated on the alleged attorney fees lien against either the Slatterys or appellees. Appellants later voluntarily dismissed their claims against the trucking company and its insurer, after it became clear that appellants had failed to take timely, appropriate action to enforce their lien during the pendency of the underlying lawsuit in which the fees were generated. See *Villani v. Edwards*, 251 Ga. App. 293, 294-295 (1) (554 SE2d 184) (2001).

[2] See *Gilbert v. Edmondson*, 193 Ga. App. 593, 593-594 (1) (388 SE2d 713) (1989) (holding that discharged attorney not entitled to recover under theory of quantum meruit when contract with client contained express provisions detailing how fees should be determined in the event of the attorney's termination).

[3] Although the discharged attorney is not entitled to collect his contingency fee from his former client, the size of any recovery ultimately obtained by the former client is a factor that may be considered in determining the "reasonable value" of the discharged attorney's services under a theory of quantum meruit. See *Ellerin & Assoc. v. Brawley*, 263 Ga. App. at 863 (2). This follows from the fact that under such a theory of recovery, "reasonable value" is defined in terms of the value of the discharged attorney's services *to the client*. See id.

Significantly, however, this Court has held that an attorney cannot pursue a quantum meruit claim against co-counsel in order to obtain attorney fees; instead, the attorney is limited to bringing the claim against their mutual *client*. See *Glover v. Maddox*, 98 Ga. App. 548, 557 (1) (106 SE2d 288) (1958). It is true that the present case involves a dispute over attorney fees between discharged counsel and successor counsel, not between co-counsel. Nevertheless, we find the reasoning of *Glover* persuasive and equally applicable in this context. Accordingly, we hold that, absent agreement to the contrary, a discharged attorney cannot obtain a quantum meruit recovery from other counsel subsequently retained by a former client, since the legal services rendered by the discharged attorney were "to and for the benefit of their mutual client" and only benefitted the successor counsel indirectly. Id.

Although appellants characterize their claim for attorney fees against appellees as one for "equitable disgorgement," it is in essence a claim for recovery in quantum meruit. Therefore, based on the principles enunciated above, appellants were entitled to bring such a claim against the Slatterys, but not against appellees, the Slatterys' successor counsel.

Appellants have failed to identify any other equitable cause of action available to them under our case law that would allow them to recover their attorney fees from appellees. Appellants do cite several of our cases for the proposition that when attorneys work together on the same case without an express agreement over how to divide the attorney fees, any one of them can bring suit against the others and demand an equal division of the fees. See *Kilgore v. Sheetz*, 268 Ga. App. 761, 767-768 (1) (603 SE2d 24) (2004); *Nickerson v. Holloway*, 220 Ga. App. 553, 553-554 (1) (469 SE2d 209) (1996); *Glover v. Maddox*, 98 Ga. App. at 557 (1). However, the cases cited by appellants are distinguishable from the present action.

All of the cited cases involved disputes over attorney fees in situations where the attorneys had agreed to work in conjunction with one another on the same case but failed to establish an agreement over how to divide up the fees. The attorneys in those cases were acting as "joint adventurers" in handling the litigation. *Nickerson*, 220 Ga. App. at 554 (1). In contrast, as noted above, appellants did not work jointly or in conjunction with appellees in a co-counsel relationship to represent the Slatterys. Rather, the complaint alleges that the Slatterys discharged appellants and retained appellees as new counsel, at which point appellants no longer pursued the case any further. Thus, unlike in cases where the feuding attorneys had cooperated with one another in a joint undertaking, the present action involves a situation where one counsel succeeded another in working on the litigation. Accordingly, appellants do not have a basis for asserting an

equitable claim against appellees under the "equal division rule" set forth in the *Kilgore, Nickerson,* and *Maddox* line of cases.

Appellants suggest that the result we have reached will encourage attorneys to lure or "poach" other attorneys' clients late in the litigation in order to recover a full contingency fee after performing only a minimal amount of work on the matter. Several factors militate against such a consequence. First, we note that the successor attorney must bear the risk in such a case that professional and ethical guidelines may render his fee unreasonable and thus may "require reconsideration of the [contingency] fee arrangement." *Greer, Klosik & Daugherty,* 269 Ga. at 275 (Fletcher, P. J., concurring). See also Georgia Rules of Professional Conduct, Bar Rule 4-102 (d), Rule 1.5.[4] Because that risk exists, the successor attorney has an incentive to inform the client that the client may have to pay reasonable attorney fees to the discharged attorney for services already rendered, a fact which will help ensure that the client does not agree to a fee arrangement that over compensates the successor attorney. See Georgia Rules of Professional Conduct, Bar Rule 4-102 (d), Rule 1.4.[5] Second, the successor attorney must bear the risk that the discharged attorney will timely file an attorney's lien in the underlying litigation prior to disbursement of the judgment proceeds, delaying complete resolution of the case and potentially causing satellite litigation over fees. See OCGA § 15-19-14. Third, we are optimistic that considerations of professionalism will deter attorneys from engaging in such a course of action.

For these reasons, we conclude that appellants have failed to assert a viable cause of action against appellees for the recovery of

---

[4] Rule 1.5 provides in part:
 (a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
 (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
 (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
 (3) the fee customarily charged in the locality for similar legal services;
 (4) the amount involved and the results obtained;
 (5) the time limitations imposed by the client or by the circumstances;
 (6) the nature and length of the professional relationship with the client;
 (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
 (8) whether the fee is fixed or contingent.

[5] Rule 1.4 provides:
A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation, shall keep the client reasonably informed about the status of matters and shall promptly comply with reasonable requests for information.

their attorney fees. Therefore, the trial court properly granted appellees' motion to dismiss.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 29, 2005 —
RECONSIDERATION DENIED OCTOBER 31, 2005 —

*Joseph H. King, Jr.,* pro se.
*Louis R. Feingold, Jr.,* pro se.
*Weinberg, Wheeler, Hudgins, Gunn & Dial, Y. Kevin Williams, Allison M. Richardson, Thomas & Kane, Stephen R. Kane,* for appellees.