A05A2283. KIRSCHNER & VENKER, P.C. v. TAYLOR & MARTINO, P.C. et al.
(627 SE2d 112)

MILLER, Judge.

The law firm of Kirschner & Venker, P.C. (K&V) appeals from the trial court's order granting partial summary judgment to its former co-counsel, Taylor & Martino, P.C. (T&M) and Tyler McCaine, Esq., in this dispute over attorney fees. K&V argues that the trial court erred in concluding that it was only entitled to receive quantum meruit for its legal services after being discharged from the case by the parties' common client before any contingency fee became due. We discern no error and affirm.

On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553, 553-554 (562 SE2d 731) (2002).

Viewed in the light most favorable to K&V, the relevant evidence of record reveals that T&M and McCain were hired on a contingency fee basis to represent a plaintiff in a personal injury action. T&M, an

motion for summary judgment and plaintiff fails to rebut it with expert testimony).

Alabama firm, served as lead counsel and hired K&V as local counsel in Georgia. Although K&V worked with T&M on the case for several months, the two law firms never reached an agreement as to how any fee ultimately recovered would be divided between them.

The client eventually fired both McCain and K&V from the case. T&M thereafter reached a settlement with the defendants in the underlying action, resulting in a $1.5 million payment in attorney fees. K&V filed an attorney's lien, seeking half of the attorney fee. McCain intervened, arguing that K&V was only entitled to recover the reasonable value of its services to the client prior to being discharged. All of the attorneys agreed to place the $1.5 million fee into an escrow account until the fee dispute could be resolved. K&V moved for summary judgment on its claim for equal division of the fee. T&M and McCain filed cross motions for partial summary judgment, arguing that quantum meruit was the proper measure of K&V's recoverable fees. The trial court granted T&M and McCain's motions for partial summary judgment, and K&V now appeals.

It is well settled that an attorney who is discharged prior to earning a contingency fee is entitled to recover fees from the client based on quantum meruit. *Greer, Klosik & Daugherty v. Yetman*, 269 Ga. 271, 274 (2) (496 SE2d 693) (1998); *Ellerin & Assoc. v. Brawley*, 263 Ga. App. 860, 862-863 (2) (589 SE2d 626) (2003). When the contingency justifying a fee has not yet occurred, the discharged attorney has no basis for collecting a fee connected to that contingency. *Ellerin*, supra, 263 Ga. App. at 862 (2). Since K&V was fired before any settlement was reached in this case, and no express agreement existed through which it could obtain fees in the event of termination, it was only entitled to recover a fee in quantum meruit based on the reasonable value of the services that it had rendered to the client before being fired. *Greer*, supra, 269 Ga. at 274 (2).

We find no merit in K&V's argument that, because this case involves a dispute between attorneys and not a dispute between itself and the client, the lack of an agreement between K&V and T&M regarding how to divide the contingency fee entitles K&V to an equal share of the fee. In the cases cited by K&V, all of the attorneys remained employed by the client until the case was concluded. See *Kilgore v. Sheetz*, 268 Ga. App. 761 (603 SE2d 24) (2004) (deceased co-counsel had never been fired, nor had new counsel been hired); *Nickerson v. Holloway*, 220 Ga. App. 553 (469 SE2d 209) (1996) (co-counsel jointly employed through conclusion of case); *Glover v. Maddox*, 98 Ga. App. 548 (106 SE2d 288) (1958) (same). Here, on the other hand, K&V was fired by the client before any fee became payable. K&V therefore was not entitled to a cause of action against its former co-counsel for an equal share of the contingency fee. See *Greer*, supra, 269 Ga. at 274 (2) (discharged counsel in contingency

fee arrangement only entitled to quantum meruit). We believe, however, that the circumstances here would allow K&V to recover in quantum meruit against its former co-counsel. See *Glover*, supra, 98 Ga. App. at 557 (1) (acknowledging certain circumstances may exist where remedies other than equal division are available in fee disputes between attorneys "as for instance by an action for money had and received").[1] To allow a discharged attorney to collect an equal share of a contingency fee as if the attorney were still involved in a case would render the discharge meaningless. In effect, the discharged attorney would be rewarded with a potential windfall of additional fees without doing any additional work on the case. We decline to adopt a holding that would authorize such a result.

The trial court properly concluded that quantum meruit represented the proper measure of fees recoverable by K&V, and accordingly committed no error in granting partial summary judgment to T&M and McCain on this issue.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

Decided February 6, 2006.

*Barry B. McGough*, for appellant.
*Davis, Matthews & Quigley, Baxter L. Davis, Pope, McGlamry, Kilpatrick, Morrison & Norwood, William U. Norwood III*, for appellees.

---

[1] We also note that this court's recent decision in *Joseph H. King, Jr., P.C. v. Lessinger*, 276 Ga. App. 145 (622 SE2d 381) (2005) is distinguishable from the present case. In *Lessinger*, we held that *former* counsel did not have a cause of action for fees against *subsequent* counsel, because the former attorneys were never co-counsel with the client's new attorneys. Id. at 147. Here, K&V was hired by T&M to work as co-counsel for the mutual benefit of their client, and K&V and T&M continued working as co-counsel until K&V was fired by their common client before T&M obtained a settlement. Under these circumstances, we hold that the discharged counsel may have a cause of action in quantum meruit in an action against the remaining counsel who continues with the case until its conclusion.