## A10A0501. JACKSON v. THE STATE.
### (692 SE2d 758)

MILLER, Chief Judge.

Following a jury trial, Kevin Darnel Jackson was convicted of a single count of theft by shoplifting (OCGA § 16-8-14). He appeals, arguing that the trial court erred in refusing to give his request to charge the jury on circumstantial evidence and that the evidence was insufficient to support his conviction. We disagree and affirm.

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (645 SE2d 742) (2007)), the evidence shows that on September 30, 2005, Wal-Mart Loss Prevention Employee Tommy Gurley observed Jackson acting suspiciously as he shopped for clothes at Wal-Mart's Lithia Springs store. Gurley saw Jackson randomly selecting clothes without checking sizes while looking for surveillance cameras in the store's ceiling; saw Jackson taking five pieces of children's clothing and stuffing two items in the front of his pants; and thereafter observed Jackson moving through the store feigning shopping. On being confronted by Gurley as he was leaving the store, Jackson ran, discarding the clothing he had hidden in his pants in the parking lot. Gurley and another Wal-Mart loss prevention employee pursued, ultimately apprehending Jackson at the building of a neighboring Toyota dealership.

1. Jackson contends that the trial court erred in refusing to give his request to charge on circumstantial evidence correctly arguing that the State's case consisted of direct and circumstantial evidence. Jackson's claim to the contrary notwithstanding, nothing of record shows that he requested a charge on circumstantial evidence. Consequently, the trial court was not obligated to charge the jury thereon. See *Stubbs v. State*, 265 Ga. 883 (463 SE2d 686) (1995) ("If the State's case includes both direct and circumstantial evidence, the trial court must charge on the law of circumstantial evidence upon request; if the State's case is composed solely of circumstantial evidence, the trial court must charge on the law of circumstantial evidence even without a request.").

Even were it otherwise, and again contrary to Jackson's claim of error, the record shows that the trial court properly charged the jury sua sponte on circumstantial evidence as follows:

Circumstantial evidence is proof of facts or circumstances

150

by direct evidence from which you may infer other related or connected facts that are reasonable and justified in the light of your experience. To warrant a conviction on circumstantial evidence, the proven fact must not only be consistent with the theory of guilt, but must also exclude every reasonable theory of it.

See Ga. Suggested Pattern Jury Instructions, Vol. II: Criminal § 1.30.20 ("Evidence that may be used to prove a fact by inference is referred to as circumstantial evidence. Circumstantial evidence is the proof of facts or circumstances, by direct evidence, from which you may infer other related or connected facts that are reasonable and justified in light of your experience."); see also OCGA § 24-4-6 ("To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."). Moreover, when asked if she objected to the jury charge as given, trial counsel indicated that she did not, resulting in waiver on appeal. "The failure to reserve objections to the content of the jury instructions waives the right to assert the purported error on motion for new trial or on appeal. [Cit.]" *Tillman v. Massey*, 281 Ga. 291, 292 (637 SE2d 720) (2006).

2. Nor do we find that the evidence was insufficient to support Jackson's conviction of theft by shoplifting.

On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Conflicts in the testimony of the witnesses, including the State's witnesses, (are) a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

(Citation and footnotes omitted.) *Lane v. State*, 255 Ga. App. 274, 275 (564 SE2d 857) (2002).

Here, the undisputed direct evidence is that Jackson selected five pieces of children's clothing while shopping in the Wal-Mart store. He was observed as he secreted two such items inside the front

of his pants. On being confronted by Gurley as he left the store, Jackson ran, discarding the clothing he had hidden in his pants in the store's parking lot. Such evidence sufficed to sustain Jackson's conviction for theft by shoplifting. See OCGA § 16-8-14; see also *Racquemore v. State*, 204 Ga. App. 88 (1) (418 SE2d 448) (1992).

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 25, 2010.

*Raymond F. Gordon*, for appellant.

*Brian K. Fortner, Solicitor-General, Matthew C. Krull, Assistant Solicitor-General*, for appellee.